# STATE ex rel. CARLIN, Relator, v. DISTRICT COURT ET AL., Respondents.

No. 8625

Submitted October 23, 1945. Decided November 24, 1945.

164 Pac. (2d) 155

As Corrected on Denial of Rehearing ·
December 18, 1945.

Mr. A. G. Shone and Mr. H. L. Maury, both of Butte, for the appellant.

Mr. Taylor B. Weir, of Helena, for the respondent.

MR. JUSTICE CHEADLE delivered the opinion of the court.

Upon the application of William Carlin this court on September 24, 1945, issued its alternative writ of mandate, requiring that respondents, prior to October 10, 1945, make an order that a trial jury be drawn and required to attend before the court, and the cause of the relator v. Northland Greyhound Lines, Inc. and Walter H. Wood, be set for trial before said jury, or to show cause before this court on October 12, 1945, why this had not been done.

The affidavit of relator in support of the application shows that on September 14, 1943, plaintiff filed with the clerk of respondent court his complaint in the action above mentioned; that the answer of the defendants was filed on November 12, 1943, and plaintiff's reply on November 17, 1943, and that said cause has been at issue and ready for trial since the latter date; that repeatedly during the year 1944 the plaintiff requested the court to set the cause for trial before a jury, but that the court declined, refused and failed to do so.

Relator further alleges that on March 7, 1945, he presented in open court, and made written demand of respondents that within a reasonable time from said date an order be made that a trial jury be drawn and required to attend before the court, and that said action be set for trial before such jury; that upon presentation of such demand, respondent Hon. Lyman H. Bennett announced that the matter was taken under advisement, and that as of the date of the application herein no decision thereon has been announced by respondents; that the time limit of the demand (at or before the next succeeding term of respondent court) has expired, and the order demanded has not been made.

Relator concludes that respondents have not afforded him a

speedy, or any, remedy for the injuries to his person and property, as alleged in the complaint, and have not, to plaintiff, administered right and justice without sale, denial, or delay; that unless the writ applied for be granted relator will have no plain, speedy or adequate remedy for the delay and the denial of justice to him by respondents.

Attached to the application are copies of the complaint, answer, and reply in the action mentioned.

Respondent's answer herein was filed on October 23, 1945, to which date the hearing was continued. Therein respondents deny any intention or desire to postpone or delay the orderly proceeding of the action to trial or other disposition under the law and the rules of respondent court; that respondent, Bennett, in an effort to exercise his judicial discretion soundly and in conformity with law, gave consideration to the following conditions:

(a) That it is not proper at any time to subject funds of the public or of litigants to expenditures for the holding of juries and witnesses in attendance while he or the court is engaged in the determination of correct rules of law to be applied to litigation; that in order to avoid such unnecessary expenses he has, ever since his qualification as Judge, including the year 1944, repeatedly called to the attention of the lawyers practicing in his district, including counsel for relator, the provisions of Chapter 61 of the Session Laws of 1939, as the same relate to and provide for pre-trial conferences, and has endeavored to secure from said attorneys voluntary co-operation in and about the use of the pre-trial practice provided for in said Act; that early in 1945 he specifically suggested to counsel for relator that a pre-trial conference in his case be had, or that same be set for trial before the court without a jury, or before a special jury or fact-finding body to be agreed upon by the parties, but that relator declined to utilize any of the methods suggested. That for many months said respondent has been contemplating the adoption of a rule of court for the utilization of pre-trial practice, and that on September 19, 1945, subsequent to filing

of the application herein, the following rule of court was adopted:

"Rule XXX. From and after the date upon which this rule shall become effective, no civil action within which any party thereto shall be otherwise entitled to demand a trial upon any issue of fact before or by a jury shall be set for trial before or by a jury until a conference is had pursuant to the provisions of section 9327 of the Revised Codes of Montana, 1935, as amended by Chapter 61 of the Session Laws of the Twenty-sixth Legislative Assembly of the State of Montana (1939), and to the end that all such actions may be expeditiously disposed of, it is provided that whenever after issues are joined therein any party to any action falling within the purview of this rule shall desire a disposition of such action, he may file with the clerk of the court wherein such action may be pending a notice setting forth the title and number of the action with a request that said cause be set down for pre-trial conference upon all phases of said action which can be considered pursuant to the Pre-trial Practice Act Amendment hereinbefore referred to. At the next session of the court after the filing of such request, the clerk of the court wherein the request is filed shall present the same to the court and the case shall be immediately set for such pre-trial conference at a date which, in the absence of agreement between the parties with the consent of the court for an earlier date, shall not be less than two weeks from the date upon which the setting shall be made."

(b)  Respondents further state that on the date said rule was adopted, relator's case, with several other pending civil actions, was set for pre-trial conference, at which relator's counsel appeared; that after a short conference the matter was, without objection, continued to October 17, 1945, upon which date relator's counsel appeared in court; the matter not having been disposed of due to conferences which the court deemed to have precedence over relator's, the court announced that it would be in recess until 1:30 p. m. of said date, at which time conferences undisposed of, including relator's, would be taken

up; whereupon counsel for relator presented a written statement of relator's contemplated evidence, and announced that he would not participate further in a conference, and that relator's senior counsel absented himself from the court; that respondent, Bennett, deems the pre-trial conference uncompleted and undisposed of, and states that he deems relator's case will remain in condition "not for trial" until such conference be concluded and a final order reciting the action taken at the conference shall be made. (The record does not disclose whether counsel for the defendants in the action were present in court on said date.)

(c)   Respondents further assert that because of war conditions and the consequent drafting of manpower, and of the great economic uncertainty obtaining throughout the country, and the shortage of labor to perform agricultural and other work, it has been and is impossible to secure such a trial jury panel as is contemplated by the existing system of jurisprudence, without working a great hardship and loss upon the individual jurors; that war conditions have resulted in the absence of witnesses, and personnel from law offices. Further, that the cost of calling a jury panel for the trial of a single case has been taken into consideration by respondents in setting or not setting cases for jury trial during continuance of the war.

(d)   That shortage of travel, hotel and eating accommodations at the county seat would render it extremely inconvenient for members of the jury panel, and which conditions would impede the holding of a jury term and render impartial administration of justice extremely difficult if not impossible.

(e)   That respondent Bennett also deems that in the exercise of a sound discretion he may, when desirable, dispose of issues of fact in civil actions by referring contraverted issues of fact in the absence of agreement for trial by the court without a jury; that until determination of the practice thereon in any given case the case is not necessarily for trial, and it is improper to issue jury panels pending such determination, and

132

that pre-trial conferences are proper for use in and about such determination as well as for other purposes.

Inconvenience or loss to prospective jurors, or the lack of ▮ adequate travel, hotel or eating facilities for them, as set forth in sub-paragraphs (c) and (d) above, constitute no valid excuse for depriving a litigant of his constitutional right to a reasonably prompt disposition of his litigation. The obligation of jury duty is not often fulfilled without some sacrifice of time or money or convenience by individual jurors.

As to the assertion of subparagraph (e), we think the effect ▮ of the pre-trial practice act is not such as to deprive a litigant, in a case such as this, of the right to have controverted fact questions disposed of by a jury, as prescribed by the Constitution.

Relator contends that he has been denied his constitutional right of a speedy remedy for injuries to his person and property, and that unless this court grant the writ prayed for, he will have no plain, speedy or adequate remedy for the delay and the denial of justice alleged.

The constitutional provisions relied upon by relator are section 6, Article III, of the Montana Constitution, which declares:

"Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property, or character; and that right and justice shall be administered without sale, denial, or delay;" and section 23, Article III, which provides:

"The right of trial by jury shall be secured to all, and remain inviolate * * *."

Section 8902, Revised Codes 1935, which has to do with the summoning of trial jury, provides: "Whenever the business of a district court requires the attendance of a trial jury for the trial of civil or criminal cases, and no jury is in attendance, the court may make an order directing a trial jury to be drawn and summoned to attend before said court. * * * And the court may direct that such causes, either criminal or civil, in which a jury may be required, or in which a jury may have been de-

manded, be continued and fixed for trial when a jury shall be in attendance."

Respondents maintain that relator should be denied the relief asked because, (1) The time for summoning a trial jury is a matter within the discretion of the district court, and (2) the cause is not ready for trial until a pre-trial conference has been concluded, under provisions of section 9327, as amended by Chapter 61, Laws of 1939, which provides:

"In actions for the recovery of specific real or personal property, with or without damages, or for money claimed as due upon contract, or as damages for breach of contract, or for injuries, an issue of fact must be tried by a jury, unless a jury trial is waived, or a reference is ordered, as provided in this Code. Where in these cases there are issues both of law and fact, the issue of law must be first disposed of. * * *

"In any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider:

"(1) . The simplification of the issues;

"(2) The necessity or desirability of amendments to the pleadings;

"(3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;

"(4) The limitation of the number of expert witnesses;

"(5) The advisability of a preliminary reference of issues to a referee for findings to be used as evidence when the trial is to be by jury;

"(6) Such other matters as may aid in the disposition of the action.

"The court may make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. The

court in its discretion may establish by rule a pre-trial calendar on which actions may be placed for consideration as above provided and may either confine the calendar to jury actions or to non-jury actions or extend it to all actions.''

As a general rule, we think it the duty of district courts to ▉▉▉ dispose of pending matters as speedily as may reasonably be; that if such courts in the exercise of judicial discretion determine by court rule that all actions must be subjected to pre-trial conference before being set for trial, either by the court alone or before a jury, the court should provide for such pre-trial conferences as cases become at issue in order to accomplish their speedy disposition. Delay in calling and disposing of such conferences would but defeat the very purpose of the enactment providing for them.

It appears from the above-quoted statute that the order contemplated must necessarily be based principally upon the admissions and agreements of counsel for the opposing parties. From an examination of the pleadings in the principal action it is obvious that the questions involved are questions of fact. It is difficult to perceive the possibility of further admissions by either party or of agreement by opposing counsel as to the controverted facts. And such controverted facts must be determined by a jury, in the absence of agreement otherwise.

The proceedings had at the first conference do not appear in the record, and hence we are unable to determine whether they were sufficiently definite and comprehensive to enable the court to make an order as contemplated by the statute. It does appear that senior counsel for plaintiff departed the court before the second conference ordered was called for hearing. Assuming the constitutionality of section 9327, as amended (which we have not been called upon to determine), we feel that if the respondents consider a conclusion of the conference would accomplish the purpose contemplated by the statute, such conference should be ordered and disposed of without further delay. The spirit of the Act should be respected by both court and counsel in order that its purpose may be accomplished. Par-

enthetically, we might suggest that with court and counsel in co-operation, such purpose, in a case involving simple issues, as the one here involved, should not require extended or repeated conferences. Were it not for the allegation by respondent Bennett that he repeatedly endeavored to secure voluntary co-operation from attorneys in his district in the use of pre-trial practice, and early in 1945 specifically suggested to counsel for plaintiff a pre-trial conference in the principal case, we would be compelled to hold that the adoption of Court Rule XXX came too late to be considered.

Disregarding, for the moment, section 9327 and Court Rule XXX, the question presented is one of first impression in this jurisdiction. While counsel for both parties have advanced, in briefs and oral discussion, highly illuminating and intriguing arguments, neither has favored us with citation of authority for their respective and conflicting contentions. Eminence of counsel involved is, of itself, assurance that no such authority exists. Fruitless results of our own exploration of the books compels us, perforce, to establish a precedent.

Relator insists that the Constitution guarantees him a speedy disposition of his action by jury trial. Respondents counter that the word ''speedy'' is a relative term, and means what the district court says it means; that the time when and the circumstances under which trial juries shall be called for the disposition of pending actions is entirely within the discretion of the court. If that be true, the question arises as to when, if ever, the delay in so summoning a jury panel becomes an abuse of that discretion. Is it after two years, as here, or five years or ten years? Or must litigants sit idly by and lose their rights through the immutable results of the passage of time—death, discouragement, disappearance of witnesses? It is axiomatic that ''justice delayed is justice denied.''

From the averments of respondents' answer in this proceeding we conclude that the case involved is not the only one awaiting jury trial before respondents. It was stated in oral argument before this court that one such case had been at issue

for four years, and that eight years have elapsed since the holding of a jury term in Jefferson county, three and a half years of which were during the incumbency of the respondent Bennett of the office of district judge. It was also stated that the plaintiff in the principal case is upwards of eighty years of age.

We believe that on a proper showing mandamus will lie to correct such a situation as is here presented. No other remedy appears to be available except, as suggested by respondents, appeal to the legislature for remedial legislation. We are not willing to confess that our system of jurisprudence has deteriorated to a point where resort to the legislature is necessary to permit the administration of justice.

It has been held that mandamus is the proper remedy to compel the granting of a trial by jury. In 5 Bancroft's Code of Practice and Remedies, p. 5113, it is said: "Mandamus may be directed to an inferior court to require it to grant a trial by jury in a cause where the right to a jury trial exists, and where there is no other adequate remedy." (Citing McKee v. DeGraffenried, 33 Okl. 136, 124 Pac. 303.) And also in a proper case that an inferior court may be so compelled to proceed with a trial. "When a court has exercised a sound judicial discretion in continuing a cause, mandamus will not lie to compel it to proceed with the trial of the action. * * * Where the ordering of a continuance is arbitrary and unwarranted, mandamus will lie, however, to compel the court to proceed with the trial of the action, and to give it precedence over cases which have been set for trial subsequently to the continuance," 5 Bancroft's Pr. and Remedies, p. 5114; Mason v. Superior Court, 24 Cal. App. 386, 143 Pac. 554. And see 35 Am. Jur. 39, where the rule is thus stated: "It is the rule that ordinarily there will be no interference by mandamus to direct when another court shall proceed with the trial or hearing of any particular cause, especially where the relator has another adequate remedy. * * * The rule is not an absolute one, and does not mean that a court will be permitted to arbitrarily exercise its powers in the matter.

If without legal right and for an unjustifiable reason, it stays or postpones the trial of a cause properly before it, the aggrieved party may be entitled to a writ of mandamus to compel the court to try the case * * *." As to the right to compel a jury trial, it is said on the same page: "The right under the Constitution and statutes to a trial by jury may be of such imperative character that the denial, without sufficient cause, amounts to a breach of a plain, legal duty. Where such is the case, the aggrieved party, if no other adequate remedy is available to him, may undoubtedly resort to mandamus to compel the court to grant the jury trial * * *." Taylor v. Barker, 70 Utah 534, 262 Pac. 266, 55 A. L. R. 1032.

In this jurisdiction the rule prevails that mandamus will lie ▆▆▆ to compel a hearing and disposition of a pending case, even though the trial court has determined that the matter is not properly before it and refused such action. State ex rel. Musselshell County v. District Court, 89 Mont. 531, 300 Pac. 235, 82 A. L. R. 1158, and cases cited.

Since courts of last resort have the power to compel inferior tribunals to proceed with the disposition of pending actions, we think that logically such power extends, in proper cases, to the compulsion of such courts to impanel juries for the purpose of such trials. While the matter is one which may generally be said to be within the sound discretion of the district court, such discretion may not be so arbitrarily and unreasonably exercised as to deny to litigants the right to a speedy disposition of litigation guaranteed by the Constitution. In determining whether such discretion has been abused, each case must be determined by its surrounding facts and circumstances. Applying this rule, we hold that, in view of the circumstances here existing, the relator is entitled to have his case disposed of without further delay, under his constitutional right. And, since no other adequate remedy is available to him, mandamus will properly lie to effectuate such right.

While it appears from the pleadings in the principal case, and from the pre-trial proceedings already had, that little, if

any, result can be expected from a further conference, this court does not feel justified in substituting its discretion in that regard for that of the trial court. In the further proceedings contemplated by the writ to issue herein, court and counsel should co-operate in carrying out the intent of the statute.

Wherefore, let the writ prayed for issue, commanding the respondents, with the co-operation of counsel, to finally dispose of the pre-trial proceedings within twenty days after service of the writ upon respondents; and further, that should such proceedings not dispense with the necessity of trial of the principal action, respondents, before the expiration of such twenty-day period, make an order that a trial jury be drawn and required to attend before said court at a date not more than thirty days from the date thereof, and that the case of William Carlin, Plaintiff, v. Northland Greyhound Lines, Inc., and Walter H. Wood, Defendants, be set for trial before said jury.

Mr. Chief Justice Johnson and Associate Justices Morris and Adair concur.

Mr. Justice Angstman (concurring in part and dissenting in part).

I agree with the majority opinion to the extent that it orders the calling of a jury to try the case of William Carlin, Plaintiff, v. Northland Greyhound Lines, Inc., and Walter H. Wood, Defendants.

I think, however, that it has been sufficiently demonstrated by what has already taken place in the way of pre-trial conferences under Chapter 61, Laws of 1939, that nothing can be accomplished that will aid in the final disposition of the case by encouraging further excursion under that Chapter.

I think we should direct the calling of a jury to report within twenty days from the date of the remittitur.

Rehearing denied December 18, 1945.