FULLER, Respondent, v. GIBBS, et al., Appellants.

No. 8698

Submitted January 13, 1947. Decided February 11, 1947.

177 Pac. (2d) 858

512

Mr. S. J. Rigney, of Cut Bank, for appellants.

Mr. D. W. Doyle, of Conrad, for respondent.

MR. JUSTICE CHEADLE delivered the opinion of the court.

As will hereinafter appear, the litigation over the lands involved in this action extends over a period of some 15 years. The current action seeks to quiet the title to these lands in the plaintiff, the complaint being in the usual short form of quiet title action. Defendants' answer denies the material allegations of the complaint except that it admits that they claim some right, title, estate and interest in the lands involved, superior to that of the plaintiff.

As a separate affirmative defense the original answer sets out certain prior litigation involving the title to these lands, including an action by the First National Bank of Valier, in which, it is alleged, judgment was obtained against Moser by fraud, and these lands fraudulently attached and subsequently sold under execution; further, that such judgment was fraudulently assigned to the plaintiff herein without consideration; that defendant Moser instituted an action to have such judgment set aside, in which judgment was rendered

against him, and which judgment was affirmed on appeal to the Supreme Court of Montana. Moser v. Fuller, 107 Mont. 424, 86 Pac. (2d) 1. Virtually the entire separate defense was stricken on motion of the plaintiff. In view of the holding of this court in Moser v. Fuller, supra, we are of the opinion that the trial court correctly granted such motion, since the issues attempted to be raised were fully disposed of therein.

Thereafter the defendants filed an amended answer denying the material allegations of the complaint, except admitting that they claimed some right, title, estate and interest in the lands involved adverse to plaintiff. As a separate defense it is alleged that prior to November 1, 1931, the defendant Moser was the owner and in possession of the lands involved; that prior to said date, he agreed with the defendant Daisy C. Gibbs, his mother, for a valuable consideration paid by the latter, to convey to her certain lands; that pursuant to such agreement Moser, together with his wife, did, on or about the 19th day of November, 1931, execute and deliver to Gibbs a warranty deed intended to convey and which did convey to her the title to said lands, which deed was on or about the 21st day of November, 1931, filed for record in the office of the clerk and recorder of Pondera county; that thereafter, through mistake and inadvertence on the part of a person temporarily in possession of said deed, the description therein was changed to include lands other than those involved in this action and not owned by Moser, but that both Moser and Gibbs at all times intended that the property described in the complaint herein should be conveyed to said Gibbs; that when the change in the description in said deed was discovered, the defendant Moser, then a single man, made, executed and delivered to Gibbs a correction deed containing a correct description of such lands, which was recorded.

It is further alleged that at all times since prior to about the 1st day of November, 1931, the defendant Gibbs has been and now is the owner and entitled to the possession and in the exclusive possession of the lands involved; that during

the month of February, 1935, the defendant Moser entered upon and occupied said premises by and with the consent and authority of the defendant Gibbs, and as her agent and tenant, and has at all times since occupied, farmed and cared for said lands for and on her behalf.

The second separate defense alleges that there is another action now pending between plaintiff herein and the defendant Moser, involving the title of plaintiff to the lands described in plaintiff's complaint.

As a third separate defense it is alleged that the cause of action is barred by the provisions of section 9030, subdivision 3, and of sections 9041 and 9016, Revised Codes of 1935.

Plaintiff's reply denies all of the allegations set forth in the three separate defenses.

The cause was tried before the court without a jury. Summarized, the trial court's findings are as follows: That on November 11, 1931, the First National Bank of Valier commenced an action in the Pondera county court against the defenadnt Moser, based upon three promissory notes, whereupon the clerk duly issued summons and writ of attachment and approved a proffered undertaking of attachment; that pursuant to said writ, the sheriff of Pondera county duly levied upon and attached the lands involved in this section; that thereafter the defendant Moser filed his answer to plaintiff's complaint therein, and that on March 10, 1933, the court in said action duly gave and made its judgment in favor of the plaintiff and against the defendant Moser; that on March 20, 1933, the said bank assigned such judgment to the plaintiff in this action; that on March 22, 1933, the court made its order substituting the plaintiff herein for the said bank in the execution to be issued upon said judgment and all subsequent proceedings in the action; that on March 24, 1933, a writ of execution was issued, directed to the sheriff of Pondera county, pursuant to which said sheriff levied and sold such lands to the plaintiff herein at public sale, after due notice given, and issued and delivered to plaintiff a sheriff's certificate of sale therefor,

and on February 4, 1935, executed and delivered to the plaintiff herein a sheriff's deed thereto.

The court further found that on February 26, 1935, the defendant Moser commenced an action in the Pondera county court against the plaintiff herein for the purpose of setting aside the judgment obtained as aforesaid by the First National Bank of Valier, and for the purpose of setting aside the sale of such lands under the execution issued therein and the sheriff's deed executed pursuant thereto; that after trial the court found that said judgment and the proceedings thereunder were valid and that the sheriff's deed so issued is a good and valid deed and conveys all the right, title and interest of the defendant Moser in and to the lands now involved in this action.

The trial court by its findings 8 and 9 specifically found that on November 19, 1931, the defendant Moser and his wife executed and delivered to the defendant Gibbs a warranty deed intended to cover the lands involved in this action, and that the defendant Moser did not execute and deliver any other deed covering said lands to the said Daisy C. Gibbs nor in any other manner transfer or convey said lands to her.

It was also found that the defendants did not produce testimony of the defendant Daisy C. Gibbs, the alleged owner of the lands involved herein, either in person or by deposition, and that no excuse for such failure has been shown.

Pursuant to its findings, the trial court concluded that the levy of the writ of attachment in the First National Bank of Valier action was prior to the execution and delivery of the deed given by Moser to Daisy C. Gibbs; that the sale of the lands involved herein, under and by virtue of said writ of execution was a good and valid sale thereof and conveyed to the plaintiff herein all of the right, title and interest of the defendant Moser owned by him on November 14, 1931, and that said sheriff's deed conveyed said lands to this plaintiff, free and clear of any interest, right or title obtained by Daisy C. Gibbs by virtue of the deed executed and delivered to her

by Moser and wife, and that plaintiff is now and at the commencement of this action was the owner of said lands and neither of the defendants has any right, title or interest therein or thereto. Judgment was made and entered quieting the title of the plaintiff to the lands involved.

By five specifications the appellant assigns error to the trial court in granting the motion to strike the separate defenses in the original answer; in not finding that the action was barred by the provisions of sections 9030, 9041 and 9016, Revised Codes of Montana of 1935; in its findings of fact and its conclusions of law summarized above, as contrary to the evidence.

We have already indicated that the motion to strike was ▉ properly granted. Appellants cite no authority in support of their assignment that the attempted cause of action was barred by the code sections specified, and we hold that such is without merit and will be deemed to have been abandoned.

Appellants contend that the finding of the trial court that ▉ the deed intending to convey these lands from Moser to Gibbs was dated November 19, 1931, and that Moser did not execute and deliver any other deed to Gibbs, is contrary to and is not supported by the evidence. While the evidence upon which this finding is based is conflicting, it is our view that it amply supports the finding objected to. The defendants' Exhibit 17 is a warranty deed from Clarence L. Moser and Nina Moser, husband and wife, of Maricopa, Arizona, to Mrs. Daisy V. Gibbs, purporting to convey 80 acres in section 10, T. 28 N. R. 6 W., and 80 acres in section 9, T. 29 N. R. 6 W. in Pondera county. This deed is dated November 19, 1931, and acknowledged before a notary public in Arizona on that date. It bears a notation that it was filed and recorded in February, 1939, in Book 18 of Deeds, page 4. By a letter of the clerk and recorder of Pondera county, dated February 20, 1939, and addressed to the then counsel for the defendants, it appears that this deed was received by the clerk on November 24, 1931, in a

letter from Clarence L. Moser from Phoenix, Arizona. The deed was not recorded at that time but was returned to Mr. Moser on the same date for the reason that the address of the grantee was not shown in the document. In the same letter the clerk advised the attorneys that in his letter returning the deed to Moser he informed the latter that on November 14, 1931, the land involved had been attached.

Defendants' Exhibit 18 is a warranty deed dated March 14, 1939, from Clarence L. Moser, a divorced and unmarried man, to Mrs. Daisy C. Gibbs, of Phoenix, Arizona, purporting to convey to the latter the land involved in this action. This contains a notation that it is intended to correct the deed appearing as defendants' Exhibit 17.

The following testimony by the defendant Moser appears in the record.

"Q. You have stated that you are residing on land owned by your mother in Pondera county, which is admitted to be the land involved in this case. State when your mother acquired this land, if you know. [Objection to the question was overruled.] A. That was in October some where, just about the 20th. * * * My answer is in October, somewhere between the 18th and 20th of 1931, to the best of my recollection.

"Q. How did your mother obtain this land? * * * A. Oh, by me transferring the land to her. * * *

"Q. Did you deliver that deed to your mother? A. I did.

"Q. What happened, if you know, to that deed? Was it ever recorded? A. No.

"Q. State what, if anything, you know what happened to that deed. A. Well, the last day I took the deed over to this person that made out the deed, didn't like the form, so he made out the second deed which is Exhibit No. * * *."

The deed claimed to have been executed by Moser and his wife in October of 1931, was not produced, and no satisfactory excuse for failure to produce it appears in the record.

On cross-examination of the defendant Moser he was asked.

"Q. I will ask you if in the case of C. P. Fuller v. C. L. Moser, case No. 5359 [an ejectment action in which Fuller obtained a judgment of ejectment against Moser], which was tried before Judge Holt, if you were asked the following questions and you made the following answers in the presence of the court and officers.

"Q. Now, in the case of C. L. Moser vs. C. P. Fuller, case number 3075, in this Court, was tried, was begun on the 5th day of June, 1936, was it not, and you answered 'about that time.'

"Q. Cause number 5359, appearing at page 62 and 63 of the written transcript of that case * * * I will ask you if you didn't make these answers to these questions in reference to the land that is involved in this case. 'I have shares of water to that part of the land.' * * *

"Q. Did you make that statement? A. The transcript says that.

"Q. Well, did you make that statement? A. [No response.]

"Q. Did you make that statement? A. That is what the transcript says.

"Q. Did you make that statement? A. That is correct. * * *

"Q. I will show you this page 250 of the transcript in the case numbered 3075, in referring to the judgment that was obtained in the original case:

"Q. What did you do in the next six months, if anything, in regard to this case? A. Nothing.

"Q. And you knew that your land was subject to sale on execution, and to which you answered 'yes.' Now did you make those answers to those questions at that time? A. Yes."

It further appears from Moser's testimony that he was under the misapprehension that, the land in question, being his homestead, could not be sold under execution and that this was the only defense he instructed his then attorney to incorporate in his answer in the original action brought by the Valier bank.

Plaintiff's Exhibit 21 is a copy of the complaint in action

3075 brought by C. L. Moser as plaintiff v. C. P. Fuller, et al., for the purpose of setting aside the judgment in the Valier bank action. This contains the allegations that during the years 1929, 1930 and 1931, the plaintiff was engaged in farming the lands involved here, which he owned in fee simple; "that on November 14, 1931 * * * a writ of attachment was caused to be issued by the defendant Kester in said bank in said action, whereby was attached the plaintiff's land fully described in paragraph 2 of this complaint * * *; that on April 6, 1933, said sheriff levied upon and on April 28, 1933, sold plaintiff's land described in paragraph 2 herein to the defendant Fuller * * *; that said defendant Fuller holds the legal title to the said described premises for and on behalf of and as trustee for said defendant Kester and for the purpose of defrauding the plaintiff from his lawful property * * *; that the said defendants, Fuller and Kester, have asserted ownership of the said described land of plaintiff since on or about May 28, 1933." The prayer of the complaint requested inter alia that defendant Fuller be compelled to account to the plaintiff for any rents or proceeds received from the said described land since the date of the sheriff's certificate, April 28, 1933.

Plaintiff's Exhibit 24 is a copy of the complaint filed in action No. 5274, the ejectment action brought by Fuller against Moser. Plaintiff's Exhibit 22 is an affidavit of C. L. Moser in opposition to the order to show cause in said action, in which it is recited that "he is the owner of, in the possession of and entitled to the possession of the real property described in the complaint and order to show up cause in the above entitled matter." The affidavit further recites that on or about November 14, 1931, the First National Bank of Valier instituted an action against Moser, being Case No. 2737, and that execution was issued thereon and certain real property of defendant Moser sold to the plaintiff under such execution, "the real property being sold to this plaintiff on April 28, 1933, and be-

ing the same and identical real property as in plaintiff C. P. Fuller's complaint described."

We think it significant that the defendant Gibbs did not ▮ testify in the action, either in person or by deposition, and that no explanation for her failure to do so was made. Since it was attempted to be shown that she is now and was the owner of the land at the time of the original attachment, we think the trial court might well have concluded that her testimony would have been unfavorable, under the rule announced in McGowan v. Nelson, 36 Mont. 67, 92 Pac. 40. And see State ex rel. Nagle v. Naughton, 103 Mont. 306, 317, 63 Pac. (2d) 123; section 10672, Revised Codes of 1935.

Obviously the trial court disbelieved the defendant Moser's ▮ testimony with reference to the deed alleged to have been executed in October, 1931, and we think such disbelief warranted by the record. This court will not disturb the findings of a trial court where the record contains substantial evidence upon which they may be sustained. McLaughlin v. Corcoran, 104 Mont. 590, 69 Pac. (2d) 597; Lewis v. Bowman, 113 Mont. 68, 121 Pac. (2d) 162. A careful study of the record convinces us that the findings here were amply justified by the evidence. Consequently they will not be disturbed.

The judgment is affirmed.

Mr. Chief Justice Adair and Associate Justices Angstman, Choate and Metcalf concur.

Rehearing denied March 20, 1947.