GIBBS, Appellant, *v.* FULLER et al., Respondents.
No. 8774
Submitted December 16, 1947. Decided January 14, 1948.
188 Pac. (2d) 426

Mr. S. J. Rigney, of Cut Bank, for appellant.
Mr. D. W. Doyle, of Conrad, for respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the Court.

Plaintiff brought this action to restrain the defendants from interfering with her possession of certain described land.

The complaint which was filed August 25, 1943, alleges that plaintiff is the owner of the land and that the defendant Fuller and defendant Monson, as sheriff of Pondera county, have taken possession of the property and threaten to remove the crops growing theron. It alleges that defendants have taken possession pursuant to a judgment in an action by Fuller as plaintiff against C. L. Moser as defendant (this being the judgment under attack in Moser v. Fuller, 107 Mont. 424, 86 Pac. (2d) 1), but that the judgment is not binding upon this plaintiff who was not a party to the action. It alleges that if the defendants are permitted to continue on the property and are not restrained plaintiff will suffer irreparable injury and there will be cause for a multiplicity of actions.

The complaint alleges that an action was commenced by Fuller against this plaintiff on July 25, 1941, to quiet title to the lands, which action is still pending; that in that action this plaintiff claims to be the owner thereof and that C. L. Moser resides on and occupies the property with the consent of this plaintiff who is his mother.

It is alleged that defendants herein threaten to dispossess the said Moser as plaintiff's agent and unless they are enjoined from so doing there will result a multiplicity of lawsuits.

The answer was a general denial except that it admits defendants are proceeding under the judgment in the action of Fuller v. Moser and admits that they are about to dispossess Mr. Moser from the property in question.

The court found for defendants and plaintiff has appealed from the judgment.

Before discussing the several questions urged upon us by plaintiff, we point out that since this action was commenced, and before it was tried, the suit to quiet title brought by Fuller against this plaintiff and C. L. Moser, which was referred to in the complaint, resulted in a judgment in favor of

518

Mr. Fuller which was affirmed by this court (Fuller v. Gibbs, 119 Mont. 511, 177 Pac. (2d) 858); and that, in that action, it was determined that Fuller is the owner of the property and that Daisy V. Gibbs and C. L. Moser have no interest therein. Hence the question attempted to be raised herein has already been litigated and determined against the plaintiff.

If the points raised by the plaintiff had any merit and if we felt obliged to remand the case for another trial because of the questions raised by plaintiff, we fail to see wherein plaintiff could now question the ownership of the land described in the complaint. We take notice too that it is now too late to enjoin the removal of crops growing on the land in 1943. However, we shall consider the points raised by plaintiff on appeal.

Plaintiff contends that the court had no jurisdiction to render judgment in this action for the following reasons. It appears from the record that Judge Hattersley called in Judge Dean King to hear this case. Judge King was disqualified by plaintiff for imputed bias. Judge Padbury of Helena was thereupon called in to hear the case. He was disqualified by plaintiff for imputed bias; whereupon Judge Hurley of Glasgow was called in. In the order calling Judge Hurly, Judge Hattersley also set the case for trial on April 24, 1947. (Mr. Moser was personally served with a copy of that order on April 7th.) On April 21st Judge Hurly accepted jurisdiction and the clerk of court notified plaintiff by registered letter addressed to her agent, C. L. Moser, at Valier of that fact. Moser admits receiving the letter but contends that the notice received by him was a notice that Judge Hurly had accepted jurisdiction of the case but that it did not constitute any notice that the trial was to take place on April 24th. The trial however did proceed on April 24th. C. L. Moser was present but he appeared without counsel. He protested against Judge Hurly hearing the matter because Judge Hurly had heard some criminal matter against C. L. Moser previously.

The record discloses that in drafting the pleadings in this action and in conducting the proceeding in State ex rel. Moser

v. District Court, 116 Mont. 305, 151 Pac. (2d) 1002, plaintiff was represented by attorney Philip G. Greenan of Great Falls but that later he had withdrawn as counsel and plaintiff was notified to procure other counsel and that she appointed C. L. Moser her agent to either appear or procure counsel for her. Mr. Moser presented the notice which he had received from the clerk that Judge Hurly had assumed jurisdiction, to S. J. Rigney, an attorney at Cut Bank, on the evening of April 22nd. Mr. Moser stated to the court that Mr. Rigney ''said that they are not going to do anything today. You said you would accept jurisdiction but you didn't say you were going to try the case.''

As above noted, however, Mr. Moser was present at the trial and did not at that time ask for a continuance of the case in order to enable his counsel, Rigney, to appear for him but instead suggested the disqualification of Judge Hurly as aforesaid.

Under our statute the mere fact that Judge Hattersley deemed himself disqualified from hearing the case did not prevent him from fixing the date of the trial. The statute specifically provides that the local judge, though disqualified, may still arrange the calendar. Sec. 8868, Rev. Codes 1935. The notice to plaintiff that Judge Hurly had assumed jurisdiction of the case after the hearing had been set by Judge Hattersley was tantamount to a notice that he would proceed with the hearing on the date fixed by Judge Hattersley unless a different date was arranged for. Neither plaintiff nor her counsel, Rigney, had any right to assume that the trial would not take place at the time fixed by Judge Hattersley. The suggestion that Judge Hurly was disqualified because he had previously heard a criminal case against Mr. Moser is without merit. Section 8868 provides that ''no more than two judges can be disqualified for bias or prejudice, * * * at the instance of the plaintiff.'' Plaintiff had already disqualified two judges before Judge Hurly was called and had no right to disqualify more for bias or prejudice. Likewise, the contention that

Judge Hurly was disqualified for actual bias because of having heard a criminal case against Mr. Moser finds no support in the law. Mr. Moser was not a party to this action but even though he had been, the statute (sec. 8868) does not assign this as one of the reasons why a judge must not sit or act in a case. In the absence of a statute declaring actual bias or prejudice on the part of the judge to be a disqualification, it is not a disqualification. In re Davis' Estate, 11 Mont. 1, 27 Pac. 342; In re Weston, 28 Mont. 207, 72 Pac. 512, and compare State ex rel. Holt v. District Court, 103 Mont. 438, 63 Pac. (2d) 1026.

It is our conclusion that Judge Hurly correctly proceeded with the trial of the case and correctly entered judgment for defendants particularly where, as here, plaintiff through her agent made no attempt in the court below and makes no attempt here to show what evidence she would rely upon to produce a different result were the case remanded for another trial, and made no attempt to secure a postponement of the trial to enable her to procure counsel or otherwise prepare for trial.

Finding no error in the record, the judgment is affirmed.

Mr. Chief Justice Adair and Associate Justices Choate, Gibson, and Metcalf concur.