FULLER, RESPONDENT, v. GIBBS ET AL., APPELLANTS

No. 8819.

Submitted September 27, 1948. Decided November 18, 1948.

199 Pac. (2d) 851.

S. J. Rigney, of Cut Bank, for appellants. Mr. Rigney argued the cause orally.

D. W. Doyle, of Conrad, and Swanberg & Swanberg, of Great Falls, for respondent. Mr. Doyle argued the cause orally.

MR. JUSTICE CHOATE:

The controversy between the parties to this proceeding over the ownershop of certain lands in Pondera County, Montana, has been the subject of prolonged litigation. See Moser v. Fuller, 107 Mont. 424, 86 Pac. (2d) 1; Fuller v. Gibbs, Mont., 177 Pac. (2d) 858, and Gibbs v. Fuller, Mont., 188 Pac. (2d) 426. The present appeal is from an order of the trial court, the Hon. George W. Padbury, judge presiding, directing a writ of possession to issue to the sheriff to put and keep plaintiff in possession of the lands in question. Other rulings of the court on matters arising at the hearing of the case are also involved.

The Facts. On July 25, 1941, C. P. Fuller, plaintiff herein, brought an action against Daisy Gibbs, C. L. Moser and others to quiet title to the lands involved in the present proceeding. Said action resulted in a judgment in favor of Fuller which was affirmed by this court (Fuller v. Gibbs, Mont., 177 Pac. (2d) 858) and in that action it was determined that Fuller is the owner of the property and that Daisy Gibbs and C. L. Moser had no interest therein.

On August 25, 1943, Daisy V. Gibbs brought an action to restrain C. P. Fuller and the sheriff from interfering with her possession of said land. This suit resulted in a judgment in favor of the defendants Fuller et al. which was affirmed by this court on appeal. Gibbs v. Fuller, Mont., 188 Pac. (2d) 426. On August 12, 1947, plaintiff Fuller, claiming title under the

court's decree quieting title in him, filed a petition in the original quiet title suit for a writ of possession to put him in possession of said land and to remove defendants therefrom. On the same date (August 12, 1947), D. W. Doyle, attorney for plaintiff, caused service to be made on C. L. Moser of a notice of said application for writ of possession to be heard on August 28, 1947. On August 16, 1947, the Hon. R. M. Hattersley, judge of the district court of the ninth judicial district, made an order requesting the Hon. George W. Padbury, a judge of the first judicial district, to assume jurisdiction in said case; to hear and determine the petition for an order for a writ of possession, and to finally dispose of the entire case. On August 18, 1947, Judge Padbury accepted jurisdiction of the case. On August 22, 1947, S. J. Rigney, as attorney for defendant, C. L. Moser, gave notice to plaintiff Fuller and his counsel of a motion for an order "quashing, setting aside and vacating the order to show cause and the order calling in Judge Padbury." The matter was noticed for hearing on August 28, 1947. On August 22, 1947, Rigney, as attorney for defendant Moser, moved the court to "quash and vacate the order to show cause, executed by Judge Hattersley on or about the 9th day of August, 1947" and the petition referred to therein as well as the order of Judge Hattersley calling in Judge Padbury. This motion was made on the alleged ground that Hattersley had no authority to issue said orders or either of them because of the fact that he had been disqualified by defendant on or about November 24, 1941. On August 23, 1947, C. L. Moser filed an affidavit of disqualification against Judge Padbury for alleged bias and prejudice.

On August 25, 1947, Moser filed a written demand for a jury trial "in my case to be tried August 28th." On that same date D. W. Doyle, as attorney for plaintiff, and S. J. Rigney, as attorney for defendants, Daisy V. Gibbs and C. L. Moser, stipulated for a continuance of the hearing on plaintiff's petition for a writ of possession to such date as Judge Hattersley may fix and that the matter of the disqualification of Judge Padbury might be heard at the same time. On August 28, 1947, both

Judge Padbury and Judge Hattersley joined in an order continuing the hearing on plaintiff's petition for a writ of possession as well as Judge Hattersley's order calling in Judge Padbury, to September 19, 1947. On September 18th, upon the stipulation of counsel (Rigney signing the stipulation as "attorney for defendants") said hearing was continued to September 25, 1947. The case was brought on for trial on that date before Judge Padbury sitting without a jury. The plaintiff appeared by his counsel, Messrs. D. W. Doyle and Randall Swanberg, and S. J. Rigney appeared as counsel for the defendants.

At the outset of the hearing Mr. Rigney called attention to the fact that there was an affidavit of disqualification of the judge and "if it stands this proceeding is out." The court, however, proceeded with the trial, stating to counsel that he was of the opinion that the statute, sec. 8868, Rev. Codes of Montana 1935, limits a litigant to two such affidavits of disqualification and no more and that the affidavit of disqualification against Judge Padbury should be stricken because defendants had heretofore disqualified two judges, namely Judge Hattersley and Judge Holt.

Immediately preceding the taking of testimony in plaintiff's case Mr. Rigney stated to the court that "I will not participate in anything other than the matter of affidavit of disqualification, otherwise I might be held to waive my right." Thereupon Mr. Rigney and Mr. Moser withdrew from the hearing. The plaintiff then submitted his proof in support of his petition for an order for the issuance of a writ of possession. On October 30, 1947, the court entered an order overruling defendant's objections to the qualification of the judge presiding and ordered the issuance of a writ of possession as prayed for by the plaintiff. From this order the defendant appeals.

Appellant has assigned six specifications of error which will be considered in the order presented in his brief.

Assignment No. 1, error in assuming jurisdiction of the proceedings and denying appellant's affidavit of disqualification of Judge Padbury. Subdivision 4 of section 8868, Revised

182

Codes of Montana 1935, provides that no more than two judges can be disqualified for imputed bias or prejudice in an action or proceeding at the instance of the defendant. This plain statute was applied by this court in Gibbs v. Fuller, Mont., 188 Pac. (2d) 426. The record discloses that on November 24, 1941, in the original action to quiet title instituted by plaintiff herein, C. L. Moser, one of the defendants, filed an affidavit of disqualification for alleged bias and prejudice against Judge Hattersley before whom the action was pending. Thereafter Judge Hattersley called in Judge C. F. Holt, who assumed jurisdiction of the case. On June 9, 1942, Mr. Moser filed a disqualifying affidavit against Judge Holt. On June 24, 1945, Judge Hattersley called in Judge Padbury, the presiding judge by whom the case was tried.

It therefore plainly appears that defendant Moser before attempting to disqualify Judge Padbury had already disqualified two judges and under section 8868 the attempted disqualification of Judge Padbury, a third judge, was nugatory and the defendant's objections to the qualification of Judge Padbury were properly overruled. But while counsel concedes that two judges had been previously disqualified in the original action to quiet title, he asserts that this proceeding for a writ of possession is a separate and independent action in which two judges may be disqualified in addition to those disqualified in the original action to quiet title. This contention misconceives the nature of plaintiff's petition for writ of possession. The terms ''writ of possession'' and ''writ of assistance'' are sometimes used synonymously. Defining the different usages of the term ''writ of possession,'' the law is stated as follows in 5 C. J., sec. 1; page 1316; '' [A writ of assistance] is the ordinary process used by a court of chancery to put a party, receiver, sequestrator, or other person into possession of property when he is entitled thereto, either upon a decree or upon an interlocutory order. * * * In this sense the writ is similar to the writ of possession which issues at law * * *.'' See also 7 C. J. S., Writ of Assistance, sec. 1.

Freeman on Executions, 3d Ed., Vol. III, section 470, says: "The term 'writ of possession' is now very generally employed to designate any writ by virtue of which the sheriff or other officer is commanded to place any person in the possession of real or personal property."

In 5 C. J., sec. 15, page 1323, the law is stated as follows: ▮ "The power to issue a writ of assistance is based on the principle that the jurisdiction of a court of equity to enforce its decree is coextensive with its jurisdiction to determine the rights of the parties." See also, 7 C. J. S., Writ of Assistance, sec. 10.

"Every court has inherent power to enforce its judgments ▮ and decrees, and to make such orders and issue such process as may be necessary to render them effective, and this power is not affected by the fact that the decree is final." 49 C. J. S., Judgments, sec. 585.

From the foregoing it is apparent that the petition for the writ of possession in this action was not a new, separate, or independent action, but was merely the enforcement of the final decree in the quiet title action. The petition itself discloses this fact. It alleged merely that the plaintiff had been adjudged to be the lawful owner of the land in question and that defendants had been estopped from setting up any claim thereto but that defendant Moser had refused to surrender possession of the property to plaintiff who thereupon prayed for a writ to put him in possession pursuant to the court's decree of February 18, 1946.

Assignment No. 2, error in denying appellant's motion to quash petition and notice of petition for writ of possession. This assignment is wholly without merit. The motion to quash referred to an alleged order to show cause made by Judge R. M. Hattersley on or about August 9, 1947. No such order appears in the record nor is there any order to show cause in reference to the petition for an order for a writ of possession and the trial court so found.

Assignment No. 3, error in ignoring appellant's request for a

 jury trial. Actions to quiet title and petitions for writs of possession to enforce a court's decree are of equitable cognizance and the findings of a jury in such an action are only advisory.

Moreover, on the facts shown, Moser had no right to a jury trial since there was nothing for a jury to try. Defendant's demand for a jury trial was made on August 28, 1947. Neither then nor at any time subsequent was there any issue of fact presented on which a trial jury might have passed. When the case was brought on for hearing before Judge Padbury on September 25, 1947, no answer had been filed by defendant (and none was filed thereafter) and there were no pleadings before the court which raised any issue of fact. An issue of fact arises only in the cases specified in section 9326, Revised Codes of Montana 1935, and only upon formal pleadings. In re Antonioli's Estate, 42 Mont. 219, 111 Pac. 1033. The trial court properly proceeded with the hearing regardless of defendant's demand for a jury trial.

Assignment No. 4, error in Judge Padbury's assumption of jurisdiction for the reason that Judge Hattersley had been disqualified in a prior proceeding and had no jurisdiction thereafter to issue an order setting the matter for hearing and calling in another judge; that such jurisdiction would lie with the presiding judge in the previous trial. Section 8868 preserves to the judge who has been disqualified by an affidavit of prejudice the power to arrange the calendar, regulate the order of business and call in another judge to sit and act in the case. Judge Hattersley had been first disqualified by the defendant Moser in the original quiet title suit on November 24, 1941. Judge Holt was then called in and similarly disqualified by defendant Moser.

On June 21, 1945, Judge Hattersley called in Judge Padbury to sit and act in the original quiet title suit. On August 16, 1947, Judge Hattersley again called in Judge Padbury to act on the petition for writ of possession. On the foregoing state of facts we are of the opinion that following his own disqualification and that of Judge Holt, both being for imputed bias and

prejudice, Judge Hattersley, the regular presiding judge of the district wherein the action was and is pending, possessed the power to arrange the calendar, regulate the order of business and to call in another judge to sit in the proceeding. State ex rel. Stefonick v. District Court, 117 Mont. 86, 157 Pac. (2d) 96; In re Woodside-Florence Irrigation District, Mont., 194 Pac. (2d) 241; State ex rel. Kennedy v. District Court, Mont., 194 Pac. (2d) 256; State ex rel. Sullivan v. District Court, Mont., 196 Pac. (2d) 452.

Accordingly, in the exercise of the power so expressly conferred upon him by statute, Judge Hattersley, the district judge who regularly presides in said judicial district in which the action is pending, called in Judge Padbury to preside in said case (State ex rel. Sullivan v. District Court, supra) and the latter judge, upon accepting the assignment, acquired jurisdiction to try the case.

Assignment No. 5, error in the court's "failure" to permit the appellant to file his answer to the petition after denying his motion to quash. Nowhere in the record does it appear that the defendants or any of them asked the court for time to file an answer or that they ever requested a continuance of the hearing to enable them to do so or any way whatsoever indicated to the court that they wished to file an answer. In this condition of the record we shall not put the trial judge in error for failure to grant a request which was never communicated to him.

Assignment No. 6. Insofar as this assignment questions the validity of the court's order in refusing to consider the affidavit of disqualification filed against Judge Padbury, we have already indicated our view of the law. Also we find no merit in defendant's contention that the action of the court in ordering the issuance of the writ of possession was "contrary to the law and the evidence."

Appellant further contends that no service of the notice of hearing the petition for a writ of possession was made upon Daisy V. Gibbs and, as previously adjudged, that this was a separate and distinct proceeding in which it is not shown that

Daisy V. Gibbs ever authorized C. L. Moser or Mr. Rigney to appear for her. We have already indicated our reasons for not considering the petition for writ of possession to be separate and distinct from the quiet title action. There is ample evidence in the record that from the appeal of the original quiet title suit down to the present appeal, Mr. Rigney has represented Daisy V. Gibbs. He appeared for her in this court in both Gibbs v. Fuller, Mont., 188 Pac. (2d) 426, and Fuller v. Gibbs, Mont., 177 Pac. (2d) 858, and he appears for her on this appeal in which he signed both the bill of exceptions and the notice of appeal as "Attorney for defendants" which include both Daisy Gibbs and C. L. Moser. Notice of the application for writ of possession was given to Mr. Rigney as attorney for the defendants. Subsequent to the service of the notice on him, Mr. Rigney signed a stipulation as attorney for both Mrs. Gibbs and Mr. Moser continuing the hearing. He appeared at the time fixed in the stipulation for the hearing as the attorney for both Mrs. Gibbs and Mr. Moser. On this record, the contention that no notice was given to Daisy V. Gibbs is without merit.

The order appealed from is affirmed.

Mr. Chief Justice Adair and Associate Justices Gibson, Angstman and Metcalf concur.

Rehearing denied December 6, 1948.