The STATE of MONTANA, EX REL. HAROLD W. HAEGG, RELATOR, v. THE DISTRICT COURT of the FOURTH JUDICIAL DISTRICT IN AND FOR THE COUNTY OF MISSOULA, AND THE HONORABLE ALBERT BESANCON, JUDGE THEREOF, RESPONDENTS.

No. 9689.

Submitted May 17, 1956.   Decided December 20, 1956.

304 Pac. (2d) 1116.

Messrs. Loble & Loble and Mr. Gene A. Picotte, Helena, for relator.

Hon. Albert Besancon pro se.

Mr. Picotte argued orally.

PER CURIAM.

Mandamus. On application of the relator, Harold W. Haegg, by and through his attorneys of record, Loble and Loble and Gene Picotte, this court on April 24, 1956, caused to be issued and served upon the respondents, the District Court of Missoula County and the Honorable Albert Besancon, District Judge presiding therein, an alternative writ of mandate commanding that the respondents set for trial upon the current calendar of the respondent court that certain action bearing district court No. 20,356, entitled ''Harold W. Haegg, Plaintiff, v. Northern Pacific Railway Company, et al., Defendants,'' then pending, at issue and ready for trial in said district court; or that the respondents appear before this court on May 2, 1956, then and there to show cause why respondents had not done as so commanded.

Relator's petition sets forth the pertinent portions of the record of the proceedings had in the respondent court which are not denied and which show: On April 10, 1956, the case of Haegg v. Northern Pacific Railway Company and others was pending, at issue and ready for trial in the district court for Missoula County before the Honorable Albert Besancon, one of the judges of that court, who that day was disqualified by affidavit filed pursuant to R.C.M. 1947, section 93-901, subd. 4. This case was then on the trial calendar of the court where it had been

for some months theretofore. It had never been taken off that calendar by consent of the parties nor stricken for want of prosecution. On April 18, 1956, Judge Besancon drew a jury for the trial of cases on the court's calendar at a term to commence May 21, 1956.

On April 19, 1956, he set other cases on the calendar for trial before this jury at this term. He did not however set the relator Haegg's case; and he then denied a motion by one of Haegg's counsel that he do so. Despite the language of the statute, and our opinion in Gibbs v. Fuller, 120 Mont. 516, 519, 188 Pac. (2d) 426, and order in State ex rel. Carlin v. District Court, 118 Mont. 127, 138, 164 Pac. (2d) 155, Judge Besancon announced that he was disqualified to set that case for trial, and (addressing Haegg's counsel) stated that he (the judge) "must take it that your associates didn't want the case set for trial. That is why they filed the affidavit." Judge Besancon concluded with the comment that the setting of the case for trial could be taken up with Judge Comer, the other judge sitting in the district court for Missoula County, "when Judge Comer assumes jurisdiction."

Subsequently the same day the clerk of the district court in writing notified counsel for Haegg that the court had on April 19, 1956, denied their motion "to set the above entitled cause for trial at the coming jury term to commence May 21, 1956," etc.

These proceedings in this court followed on April 24, 1956. Our alternative writ was served on the respondent court on April 25, 1956; on Judge Besancon on April 26, 1956. On April 27, 1956, Judge Comer set Haegg v. Northern Pacific Railway and others for trial on June 8, 1956.

On May 1, 1956, respondents made return to the alternative writ so served upon them to the effect that relator's cause had been set for trial for a day certain as was commanded by the writ.

On May 2, 1956, the relator by and through his aforesaid counsel appeared before this court at the time set for hearing respondents' return and answer to said writ of mandate so issued and informed this court that subsequent to the service of

the writ upon respondents the relator's cause had been set for trial for a day certain as commanded by this court's mandate. Accordingly the relator, Harold W. Haegg, became, and now is, entitled to recover the reasonable attorneys' fees for which he became obligated in this proceeding, and which he has claimed in his affidavit here pursuant to the provisions of R.C.M. 1947, section 93-9112, to be recovered of Missoula County upon the court's finding and determination first here made that the respondents appeared in the action and made defense in this proceeding in good faith; and this court now so finds, holds and determines;

Now therefore it is ordered and adjudged that the relator, Harold W. Haegg, do have and recover of and from the County of Missoula, Montana, the sum of $250, as and for relator's attorneys' fees herein; that the County of Missoula be liable therefor and that it forthwith deliver and pay same to the relator, Harold W. Haegg, out of the funds of said county.