MR. JUSTICE SHEEHY,
dissenting:
I dissent to the denial of a writ of supervisory control in this case. I would accept jurisdiction, grant supervisory control, and direct the district judge to call in another district judge for further proceedings in the cause involving the petitioner.
I would grant the writ of supervisory control not because I have any fear that the petitioner could not receive a fair trial from the presiding district judge, the Honorable Douglas G. Harkin. Undoubtedly Judge Harkin assumed, since he had removed himself voluntarily from the case, and was not disqualified by affidavit or motion, that he could reassume jurisdiction at any time. Unfortunately, his action in reassuming jurisdiction runs contra to what was, until now, the prevailing rule with respect to the jurisdiction of a district judge who voluntarily removes himself from the cause.
*249 This precise case arose in 1944, in State ex rel. Moser v. District Court (1944), 116 Mont. 305, 151 P.2d 1002. In that case the late Judge Hattersley entered the following order in the cause over which he was presiding:
“ ‘The undersigned Judge of the Ninth Judicial District, hereby requests the HONORABLE DEAN KING, Judge of the Eleventh Judicial District, to hold court for the undersigned Judge, to assume jurisdiction and try and determine all orders to show cause, motions and demurrers, and to hear and finally determine the issues in the above entitled action.’ ” 116 Mont. at 312, 151 P.2d 1002.
In this case, Judge Harkin did exactly the same thing. He entered an order in this cause on June 9, 1982, saying:
“The undersigned, because of the press of other scheduled trials, hereby invites the Honorable Robert M. Holter to assume jurisdiction in the above-entitled cause.”
In the Moser case, supra, this Court held that the voluntary act of Judge Hattersley in calling in another judge to assume jurisdiction deprived Judge Hattersley of jurisdiction and he was thereafter precluded from handling any matter in connection with the cause from which he had withdrawn. There it was contended that Judge Hattersley did not disqualify himself, but rather had simply called in another judge for a particular purpose. That is also the argument that is being made here. This Court disposed of that argument in Moser as follows:
“In opposition to this view it is contended in effect by counsel for Judge Hattersley that his order did not disqualify him; that there is a material difference between the judge of a district calling in a judge from another district pursuant to the provisions of section 9008, Revised Codes, to try a case for the judge making the call, and disqualification of a judge by a litigant filing an affidavit of disqualification on account of prejudice pursuant to subsection 4 of section 8868, Revised Codes. It is our view that there is no material difference between a voluntary disqualification of a judge and disqualification by the affidavit of *250 prejudice. . .Jurisdiction of a cause cannot be in two judges at the same time when the cause is in a court over which a single judge presides. What is jurisdiction? Webster’s New International Dictionary defines jurisdiction as ‘legal power to interpret, and administer law in the premises.’ Vol. 14 of Am.Jur., page 363, among other definitions, says it is ‘the right to adjudicate concerning the subject matter of a given case,’ and again the same authority says it is ‘the power to render the particular judgment in the particular case.’ ” 116 Mont. at 313-314, 151 P.2d at 1006.
This Court then went further and stated in the Moser case:
“. . .Where, as in the instant matter, a trial judge on his own motion called in another judge, neither constitutional nor statutory provisions enumerate any powers reserved by the judge who issues the call, but by analogy and by necessity we think that there could be no more power left in the judge who makes the call voluntarily in the one case than if he were deprived of jurisdiction by the filing of an affidavit of prejudice. We therefore hold that Judge Hattersley had no jurisdiction over the case of Gibbs v. Fuller [120 Mont. 516, 188 P.2d 426] at the time the alleged contempt occurred. . .” 116 Mont. at 314, 151 P.2d at 1007.
An analysis of the facts in this case show why it is important to preserve the idea of a single judge having jurisdiction of a cause at any one time in the circumstances presented here. When Judge Holter assumed jurisdiction, one of the parties disqualified him by filing a motion for substitution. Thereafter, the Honorable Nat Allen of the Fourteenth Judicial District was called in, and thereupon he was disqualified by the other party upon a motion for substitution. It could not be seriously contended that during the times that Judge Holter and Judge Allen were in jurisdiction, that Judge Harkin could return to the case simply by reassuming jurisdiction of the cause. In the same way, he is precluded from further acting in this case now, except to call in another judge.
The majority purport to distinguish the rule from Moser, *251 claiming different circumstances dictated the decision in Moser. There can be no distinction. In Moser, the district judge voluntarily gave up jurisdiction; here the district judge voluntarily gave up jurisdiction. The majority are akin to the populace that could not see that the emperor had no clothes; a child could speak the obvious. A better jurisprudential step would be for the majority candidly to reverse Moser than to skirt the issue.
Adherence to the rules with respect to disqualification would make for orderly handling of causes and avoid jurisdictional disputes. It is my opinion that we should follow the established law in this case because this decision is going to cloud the jurisdictional right of the judge called into a case when the presiding judge acts upon a voluntary removal. We should respect the prior decision in Moser.