[No. 27268. Department Two. November 29, 1938.]

AIME DeStoop, *Respondent,* v. The Department of Labor and Industries, *Appellant.*[1]

The Attorney General and *J. A. Kavaney, Assistant,* for appellant.

*F. L. Morgan,* for respondent.

Beals, J.—During the month of January, 1934, Aime DeStoop, while engaged in extrahazardous employment within the protection of the workmen's compensation act, was severely injured by the falling of a dry kiln door, which struck him on the head. He was paid time loss to March 25, 1934, and his claim was closed by order of the supervisor three days thereafter.

[1] Reported in 84 P. (2d) 706.

August 15, 1935, Mr. DeStoop applied for a reopening of his claim, which was denied by the supervisor. On appeal to the joint board, an order was entered reopening the claim on the question of aggravation, and after several hearings, the joint board sustained the ruling of the supervisor by order entered December 14, 1936, from which order the claimant appealed to the superior court. The trial before the superior court resulted in findings of fact, conclusions of law, and judgment, all entered July 30, 1937, in Mr. DeStoop's favor, adjudging that he had suffered permanent partial disability to the extent of sixty degrees, and had also suffered time loss for which he had not been compensated. The judgment directed that the cause be returned to the department, and that the department allow claimant sixty degrees of disability and compensate him "for such time loss as the department shall ascertain and determine that the claimant is entitled to." From this judgment, the department appealed to this court, but its appeal was later dismissed, and the judgment of the superior court became final.

January 28, 1938, the superior court, on plaintiff's motion, entered an order to show cause, reciting that the defendant department had failed to comply with the judgment of the superior court above referred to, and requiring the defendant to show cause why a writ of mandate should not issue requiring defendant to comply with that judgment. After considerable delay, the matter came on regularly for hearing upon the order to show cause, and April 29, 1938, the superior court entered an order referring to the judgment formerly entered in the action in Mr. DeStoop's favor, reciting that the defendant department had refused to comply with the judgment or to ascertain the amount due Mr. DeStoop for time loss, and ordering the department to reopen the cause and proceed with the hear-

ing, taking such testimony as might be offered showing the extent to which Mr. DeStoop had suffered time loss, and to allow Mr. DeStoop compensation therefor for the number of days which the department should find were actually lost. The department was further ordered to make return to the superior court, showing compliance with the order, within thirty days from the date thereof. From this order, the department has appealed to this court.

Appellant contends that the trial court erred in denying its motion to quash the order to show cause, upon the ground that respondent had then perfected an appeal to the superior court from an order of the joint board, which appellant states, in the brief filed on this appeal, the joint board had entered, sustaining a ruling of the supervisor, dated February 17, 1938. Appellant also contends that the trial court had lost jurisdiction of the case, and erred in entering the order appealed from, for the reason that the matter was not properly before the court.

We find nothing in the record showing any action, either of the supervisor of the department of labor and industries or of the joint board, subsequent to February 20, 1937, the date of the certificate attached to the departmental record and transcript, which was filed February 24, 1937, in the office of the clerk of the superior court before which the cause was, at that time, pending for trial. In the argument of counsel, as shown in the statement of facts, some reference was made to proceedings had before the department, but these references are too casual and indefinite to enable us to hold that anything had transpired since the entry of the judgment of July 30, 1937, which would, for any reason, prevent the trial court from taking steps to enforce that judgment. If the department did enter any order subsequent to the entry of the judg-

ment, doubtless any party aggrieved has a remedy by an appropriate appeal, and indeed, it is stated in appellant's brief that such an appeal is pending.

The judgment of July 30, 1937, was a final judgment, and became absolute when appellant's appeal therefrom was dismissed.

█ Rem. Rev. Stat., § 52 [P. C. § 8564], defines the powers of courts respecting conduct of judicial proceedings, subd. 4 thereof reading as follows:

"Every court of justice has power,— . . .
"4. To compel obedience to its judgments, decrees, orders, and process, and to the orders of a judge out of court, in an action, suit, or proceeding pending therein; . . ."

Manifestly, even after the entry of a final judgment and decree, a cause must be deemed pending before the court which entered the judgment, in so far as the enforcement of the judgment is concerned.

During the month of January, 1938, respondent applied to the superior court for an order to show cause, directed to appellant and its director, requiring them to appear and show cause why they should not proceed forthwith to comply with the judgment of the court. An order to show cause was entered January 28, 1938, and while the record shows no written response to this order, the statement of facts shows that appellant, through its counsel, appeared in open court in response to the order, and orally moved to quash the same, upon the ground that the court had no jurisdiction to enter any such order to show cause, appellant's counsel contending that there was nothing before the court and that the court had no jurisdiction. The court, after hearing argument from counsel for the respective parties, entered the order from which appellant has appealed. This order recites that the department has declined and refused to comply with the

judgment of the court, in so far as the same required the department to ascertain the amount of respondent's time loss. This the department was required to do by the judgment of July 30, 1937, and clearly the superior court had authority to enforce this judgment and direct the department to proceed as therein directed.

The record before us contains nothing which even suggests that the court was acting beyond its jurisdiction, or which indicates that the trial court erred in entering the order appealed from. By this order, the department was directed to proceed to hear evidence and determine certain facts, and report to the trial court that it had done so. The trial court did not attempt in any manner to control the action of the department, but simply directed that the department report the fact of compliance with the order when compliance had been accomplished.

Respondent moves to dismiss this appeal, arguing that the order appealed from is not a final order, but is purely interlocutory. The order is, in its nature, final. The fact that the department was directed to make return to the superior court showing compliance with the order does not make it interlocutory, as the return should merely state that the order of the court had been complied with. It does not appear from the order that the superior court contemplated taking any further proceedings after the department had complied with the order.

As we are convinced that the order should be affirmed on the merits, we assume, without deciding, that the order is appealable as being a "final order made after judgment, which affects a substantial right" as provided in Rem. Rev. Stat., § 1716 (7) [P. C. § 7290 (7)].

As to whether or not this order affects a substantial right of any party to this litigation, we express no

opinion, but reserve that question for future discussion and determination.

Finding no error in the record, the order appealed from is affirmed.

STEINERT, C. J., MILLARD, GERAGHTY, and SIMPSON, JJ., concur.