[No. 31466.   Department Two.   March 1, 1951.]

KATHERINE GOODSELL, *Appellant,* v. FRANK GOODSELL, *Respondent.*[1]

*Lloyd Holtz* and *Max R. Nicolai,* for appellant.

*Monheimer, Schermer & Mifflin (Melville Monheimer, Jr.,* of counsel), for respondent.

GRADY, J.—This appeal has been taken from a judgment of the superior court for King county setting aside a sale on execution made by the sheriff.

[1] Reported in 228 P. (2d) 155.

In 1944, appellant instituted divorce proceedings against respondent. At or about the time of the commencement of the action, they made a written agreement that, in the event an interlocutory order of divorce was given to plaintiff, and their agreement was ratified and approved by the court, all of their property rights would be settled as therein provided; that a certain three and one-half acre tract of real estate, upon which was located their dwelling house, should be in the exclusive possession of appellant as a home for herself and the minor children until the youngest of them arrived at the age of twenty-one years; that on or after March 18, 1952, the property should be divided equally between them, either by a division of it, or by a sale and a division of the sale price, or as might be mutually arranged.

The respondent agreed to make monthly payments to appellant for the care and maintenance of the minor children until the youngest child arrived at the age of majority. Payment of the support money was secured by a contractual lien upon the property. It was further provided that any delinquent payments owing by respondent at the time the division or sale of the property was made should be deducted from the share of respondent.

The divorce action was not contested. On January 15, 1945, the court entered an interlocutory order of divorce, awarded the custody of the three minor children to appellant and directed that respondent pay the sums of money for their support and maintenance in the amounts and at the times set forth in the agreement. The order ratified and approved the property settlement agreement. The final decree of divorce, entered on August 7, 1945, also approved the interlocutory order and the property settlement. By March, 1946, respondent was in arrears in the making of monthly payments. Upon the theory that the installments of support money became a judgment lien upon the interest of respondent in the real estate, and that the same might be sold in satisfaction thereof, appellant caused execution to issue. In due course, the property was offered for sale by

the sheriff, and appellant became the purchaser. The sale was confirmed, and on May 29, 1947, a sheriff's deed was issued to appellant.

On May 16, 1949, respondent appeared in the divorce action and moved the court for an order directed to appellant to show cause why the levy of execution and the sheriff's sale made thereunder should not be set aside. A show cause order was issued, and, in response thereto, appellant appeared specially and objected to the jurisdiction of the court over the parties to the action and of the subject matter thereof. The objection to the jurisdiction of the court was overruled. Appellant filed an answer to the motion and the supporting affidavit, and a hearing was had on the merits.

It is the contention of appellant that, when the court ratified and approved the property settlement made by herself and respondent, it constituted a division of property with like effect as if made by the court pursuant to Rem. Rev. Stat. (Sup.), § 988 [P.P.C. § 23-15]. We so decided in *Robinson v. Robinson*, 37 Wn. (2d) 511, 225 P. (2d) 411. The interlocutory order in that case not only approved the property settlement agreement made by the husband and wife, but it also incorporated it into the order "the same as though specifically set forth." The language used is more specific than in the order before us, but it is our opinion that when the court ratified and approved the division of property made by appellant and respondent, it was sufficiently made a part of the order to warrant its enforcement by proper process.

The appellant advances the argument that the interlocutory order was final and conclusive, that the court lost jurisdiction over the parties and subject matter of the action, and lacked authority to thereafter alter, modify, or vacate the order in so far as it made a division of property. Appellant further contends the court was in error in holding that the property settlement agreement provided her an exclusive remedy in so far as the property involved in this proceeding is concerned, and therefore the sale on execution was unauthorized.

We are in accord with the view of appellant that the division of property made by the interlocutory order was final and conclusive as provided by Rem. Rev. Stat. (Sup.), § 988, but we cannot agree that respondent has sought to alter, modify or vacate such order. The proceeding instituted by respondent sought to enforce and give effect to the order by preventing a disposition of the property involved in a manner and at a time other than provided by the order.

When a court acting within its jurisdiction makes and enters a judgment or decree, it has the power to enforce its executory parts even though it has become final. The action in which the judgment or decree is entered is deemed to be pending while the jurisdiction of the court continues to enforce such judgment or decree. Rem. Rev. Stat., § 52 (4) [P.P.C. § 105-7]; *DeStoop v. Dept. of Labor & Industries,* 197 Wash. 140, 84 P. (2d) 706; 49 C. J. S. 1071 Judgments, § 585; *Fuller v. Gibbs,* 122 Mont. 177, 199 P. (2d) 851. We had a phase of this subject before us in *Robinson v. Robinson,* 37 Wn. (2d) 511, 225 P. (2d) 411. In that case it was sought to enforce an interlocutory order relating to property rights by means of a writ of assistance. We decided that the moving party was not seeking to alter, modify or adjust any property rights, but was seeking to enforce the order that had been entered. The statement made in the opinion:

"It is inconceivable that a court in a divorce proceeding can divide the property between the parties and yet have no power to make that division effective if the parties are recalcitrant;"

is applicable. A court not only has the right, but it is its duty to make its decrees effective and to prevent evasions thereof. The acts of appellant in causing execution to be issued and acquiring title to the property upon execution sale, if allowed to stand, would have the effect of circumventing the interlocutory order and render it ineffectual.

We have been cited no authority, and have not found any, holding that parties may not by contract set aside specific property owned by them for a definite period and

for any lawful purpose, and subject the share of one of them to a lien to secure the performance of a promise made by the latter to the former. If the promise was to pay money, the objective would be thwarted if the promisee was permitted to secure a judgment independent of the lien and have the property sold on execution. The appellant was not precluded from proceeding to realize upon any judgment she may have had by any prescribed civil process affecting any property owned by respondent other than his interest in that owned and held by them for a specific purpose and as to which security was given for a special kind of indebtedness.

█ It is our opinion that the property settlement agreement confirmed and approved by the court made the home property immune to remedial process on the part of appellant until March 18, 1952, and that the court had jurisdiction to enforce the interlocutory order by protecting the property against such process.

The judgment is affirmed.

SCHWELLENBACH, C. J., ROBINSON, MALLERY, and HAMLEY, JJ., concur.