STATE of Alaska, DEPARTMENT OF REVENUE, Child Support Enforcement Division, Appellant,

v.

Lisa Sue DELEON and Edy Guadalup Deleon, Appellees.

No. S–11219.

Supreme Court of Alaska.

Dec. 17, 2004.

Diane. L. Wendlandt, Assistant Attorney General, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellant.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

## OPINION

EASTAUGH, Justice.

## I. INTRODUCTION

This appeal raises the question whether the superior court has the authority to order a delinquent parent to apply for a permanent fund dividend to pay court-ordered child support. The Alaska Child Support Enforcement Division (CSED) filed a motion asking the superior court to order Edy DeLeon to apply for a permanent fund dividend each year he is eligible. The superior court denied the motion on the ground no statutory or case authority gave it the power to issue the order. CSED appeals on the merits and on procedural due process grounds. Holding that the superior court has both express

statutory authority and inherent authority to issue such an order, we reverse and remand.

## II. FACTS AND PROCEEDINGS

In 1998 the superior court ordered Edy DeLeon to pay $600 per month in child support for his minor child. Edy has not consistently made the payments the order requires. His child support arrearages were $31,883.63 as of April 30, 2003. Although it appears that Edy is eligible to receive an Alaska Permanent Fund Dividend (PFD), he has not applied for a dividend since 2000.

CSED filed a motion in 2003 asking the superior court to order Edy to apply for a permanent fund dividend each year he is eligible to do so until his child support obligation is fully paid. The motion asserted that CSED could seize each annual dividend and apply it to Edy's child support obligation. Edy and the custodial parent, Lisa DeLeon, were served with the motion. Neither parent responded. Standing Master Anna Moran recommended the motion for approval, but the superior court denied the motion by order of July 1, 2003. CSED moved for reconsideration under Alaska Civil Rule 77(k). Because the superior court did not rule on the reconsideration motion, it was deemed denied as of August 9, 2003 per Civil Rule 77(k)(4). CSED appeals.

## III. DISCUSSION

### A. Standard of Review

■ No facts are disputed in this appeal. The question whether the superior court has the authority to order a delinquent parent to apply for a permanent fund dividend to enforce a child support order is a question of law. We review questions of law de novo.[1]

### B. The Superior Court Has Express and Inherent Authority To Order Edy To Apply for a Permanent Fund Dividend for Payment of Child Support.

The order denying CSED's motion states:

CSED has submitted no statutory or case authority which gives the court the power to force an obligor parent to apply for the permanent fund dividend. (*Contra* Criminal Rule 39(c)(1)(A) which specifically empowers the court to order a defendant to apply for the PFD if he or she is appointed counsel).

CSED's motion for reconsideration pointed to sources of express and inherent authority that, it argued, empowered the court to issue the requested order.

■ Upon review, we hold that the superior court has both express authority under AS 22.10.020 and inherent equitable authority to order a delinquent parent to either apply for a permanent fund dividend or demonstrate his or her ineligibility for a dividend.

Alaska Statute 22.10.020(c) gives the superior court authority to "issue injunctions, writs of review, mandamus, prohibition, habeas corpus, and all other writs necessary or proper to the complete exercise of its jurisdiction." The statute authorizes the issuance of orders needed to prevent the frustration of orders the superior court has previously issued in its exercise of jurisdiction.[2]

The superior court previously issued an order in 1998 requiring Edy to pay child support of $600 per month. Edy has not consistently complied with that order; his child support arrearages totaled more than $30,000 as of April 2003. Per AS 22.10.020(c), the superior court was therefore authorized to issue orders, such as the one CSED requested, necessary to enforce its 1998 child support order. Indeed, AS 25.27.080(b) expressly permits CSED to petition the court "for orders to aid in the enforcement of child support."

■ The superior court also had inherent authority to enforce its decrees.[3] In *Johnson v. Johnson*, we upheld the superior court's modification of a divorce decree "un-

---

1. *Sec. Pac. Bank, N.A. v. Haines Terminal & Highway Co.*, 869 P.2d 156, 158 (Alaska 1994).

2. *See Granato v. Occhipinti*, 602 P.2d 442, 446 (Alaska 1979) (Boochever, J., dissenting) ("[O]rdering home studies [in private custody cases]

falls within the broad scope of [the] statutory authority under AS 22.10.020.").

3. *Johnson v. Johnson*, 544 P.2d 65, 72 (Alaska 1975).

der the court's inherent power to enforce its judgments."[4] Even though the modification included changes not requested by the parties, we held that the "inherent power to enforce its decrees may at times justify the court to go beyond the parties' requests. There is particular justification for such action by a court when necessary to preserve the rights of children."[5] We noted that " '[a] court not only has the right, but it is its duty to make its decrees effective and to prevent evasions thereof.' "[6] The superior court was therefore authorized to make "alterations necessary to obtain a result altogether consistent with the original decree."[7]

In *Horchover v. Field*, we determined that the superior court's inherent power to enforce its divorce decrees authorized it to order the appellant to provide an accounting of his assets even though the accounting was not part of the property settlement agreement incorporated into the divorce decree.[8] Because it appeared that the appellant had failed to pay the appellee her share of the marital assets, as the settlement agreement required, the superior court ordered the accounting to determine whether the appellant had violated the divorce decree.[9]

The superior court's inherent power to enforce its decrees authorizes it to order Edy to apply for the dividend. Edy has not satisfied the 1998 child support order. Although ordering obligor parents to apply for their permanent fund dividends is more unusual and perhaps more burdensome than ordering an accounting of assets, the circumstances may warrant it. Whether willful or negligent, Edy's failure to perform the minor administrative tasks necessary to obtain the dividend or to inform CSED of his ineligibility suggests an indifference to the legal force of the support order that the superior court should not tolerate.

The order denying CSED's motion cited to Criminal Rule 39(c)(1)(A), which states in part:

Upon conviction of an offense, revocation of probation, denial of a motion to withdraw plea, and denial of a motion brought under Criminal Rule 35.1, the court shall prepare a notice of intent to enter judgment for the cost of appointed counsel in accordance with paragraph (d) of this rule, provide a copy of the notice to the defendant, and order the defendant to apply for permanent fund dividends every year in which the defendant qualifies for a dividend until the judgment is paid in full.

■ The order pointed out that Criminal Rule 39(c)(1)(A) "specifically empowers the court to order a defendant to apply for the PFD if he or she is appointed counsel." Although it is not clear why the order cited Criminal Rule 39(c)(1)(A), the use of our rule-making power to authorize courts to order a defendant to apply for a PFD in some criminal cases does not imply that the superior court lacks discretion to enter such an order in a civil case when necessary to enforce a judgment. We could not adopt a procedural rule extending that authority in the criminal context unless there were some source of that authority impliedly or explicitly stated elsewhere. As CSED observes, "[t]he rule is not evidence that the court must have an express grant of authority to issue similar orders in civil cases. Rather, it directs the court in the specific use of its existing statutory and inherent authority."

Furthermore, the statutory scheme for child support does not preclude the superior court from exercising its inherent authority

4. *Id.*

5. *Id.* (footnote omitted).

6. *Id.* (quoting *Goodsell v. Goodsell*, 38 Wash.2d 135, 228 P.2d 155, 157 (1951)).

7. *Johnson*, 544 P.2d at 72. *See also Zito v. Zito*, 969 P.2d 1144, 1146 (Alaska 1998) (holding that superior court has inherent authority to approve post-dissolution qualified domestic relations order to effectuate agreement incorporated in orig-

inal dissolution order to divide marital interest in retirement benefits); *Wahl v. Wahl*, 945 P.2d 1229, 1232 (Alaska 1997) (holding that it was within superior court's inherent power to award survivor annuity to appellee where divorce agreement entitled her to part of appellant's entire retirement annuity).

8. *Horchover v. Field*, 964 P.2d 1278, 1285 (Alaska 1998).

9. *Id.* at 1284.

to issue such an order. Alaska Statute 25.27 has the purpose of ensuring that parents meet their support obligations.[10] Toward that end, the legislature expressly authorized the superior court or CSED to enforce child support orders by various means, including income withholding orders,[11] wage assignments,[12] liens upon the delinquent parent's real or personal property,[13] and adverse actions against the parent's occupational and driver's licenses.[14]

 But the express authorization to take the specified measures to enforce child support orders does not imply that other measures, such as the relief CSED requested here, are foreclosed. The principle of *expressio unius est exclusio alterius* directs the court to presume that a statute designating only certain powers excludes those not specifically designated,[15] but the *expressio unius* maxim "will not apply if contrary to the purpose of the statute." [16] The purpose of AS 25.27 is to ensure that parents meet their child support obligations. Applying the maxim to deny the superior court the power to grant the motion would frustrate that purpose.

Moreover, AS 25.27.080(b) authorizes CSED to "take all necessary action permitted by law to enforce child support orders, including petitioning the court for orders to aid in the enforcement of child support." This provision would be superfluous if the court were authorized to issue only those orders specified elsewhere in AS 25.27.[17] We conclude therefore that AS 25.27 does not preclude the superior court from exercising its statutory and inherent authority to enforce its 1998 child support order decrees by ordering Edy to apply for his permanent fund dividends.

**10.** *See Ralston v. State, Child Support Enforcement Div.,* 728 P.2d 635, 637 (Alaska 1986) (discussing predecessor AS 47.23).

**11.** AS 25.27.062.

**12.** AS 25.27.070.

**13.** AS 25.27.230.

**14.** AS 25.27.244; AS 25.27.246.

## IV. CONCLUSION

For these reasons we REVERSE the July 1, 2003 order and REMAND for consideration of whether the circumstances warrant issuing the requested order. Given our decision to remand, we need not address CSED's procedural due process arguments.

**15.** *Croft v. Pan Alaska Trucking, Inc.,* 820 P.2d 1064, 1066 (Alaska 1991).

**16.** *Ellingstad v. State, Dep't of Natural Res.,* 979 P.2d 1000, 1006 (Alaska 1999).

**17.** *See Fairbanks N. Star Borough v. Dena Nena Henash,* 88 P.3d 124, 130 (Alaska 2004) (interpreting constitutional language to avoid superfluity).