*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| KARLEE A. DODGE, f/k/a Karlee A. Sturdevant, | ) ) ) | Supreme Court No. S-15212 |
| Appellant, | ) ) ) | Superior Court No. 4FA-11-02089 CI |
| v. | ) ) | O P I N I O N |
| FRANK W. STURDEVANT III, | ) ) | No. 6958 – October 10, 2014 |
| Appellee. | ) ) ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Bethany Harbison, Judge.

Appearances: Craig B. Partyka, Cook Schuhmann & Groseclose, Inc., Fairbanks, for Appellant. Margaret O'Toole Rogers, Foster & Rogers, LLC, Fairbanks, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

WINFREE, Justice.

## I. INTRODUCTION

The superior court ordered that divorced parents each claim one of their two children for the federal income tax dependency exemption. Both children resided primarily with the mother, and the court ordered her to sign and file a federal form waiving her exemption for one child. The mother appeals, arguing the superior court

lacked authority to order her to sign the waiver form. We adopt the majority view that a custodial parent may be ordered to sign the waiver form, and affirm the court's order.

## II.    FACTS AND PROCEEDINGS

Karlee Dodge and Frank Sturdevant entered into a partial settlement agreement as part of their divorce proceeding. The agreement provided that they would share legal custody of their two children, but that Dodge would have primary physical custody. The superior court then held a trial to determine several unresolved financial issues, including who would claim the children as dependents for federal income tax purposes.

The superior court issued an order for Dodge and Sturdevant each to claim one child for the federal income tax dependency exemption. The court made clear that "[t]he parties, specifically [Dodge], are required to comply with all IRS rules and regulations necessary to implement this Order. Specifically, [Dodge] is required to complete and sign IRS Form 8332 annually." Dodge filed a motion to stay the superior court's order, arguing that the order "is contrary to, and inconsistent with, federal law" because her signature on Form 8332 would not be voluntary. The court denied Dodge's motion.

Dodge appeals the order requiring her to sign Form 8332.

## III.    STANDARD OF REVIEW

Whether the superior court has authority to order a parent to sign Form 8332 is a question of law.[1] We review questions of law de novo, applying our

---

[1]    *See State, Dep't of Revenue v. Deleon*, 103 P.3d 897, 898 (Alaska 2004) (reviewing de novo whether superior court had authority to order party to apply for permanent fund dividend).

independent judgment and adopting the rule of law most persuasive in light of precedent, reason, and policy.[2]

## IV.    DISCUSSION

### A.    Brief Statutory And Regulatory Background.

The federal tax code creates a dependent exemption[3] and a special rule for divorced parents concerning which parent may claim the exemption.[4] The current code provides that a parent who has custody of a child for more than half the year is entitled to the dependent exemption.[5] But the custodial parent may waive the exemption by

---

[2]    *State v. Schmidt*, 323 P.3d 647, 655 (Alaska 2014) (quoting *State v. Anthony*, 810 P.2d 155, 156-57 (Alaska 1991)).

[3]    26 U.S.C. § 151(c) (2012).

[4]    26 U.S.C. § 152(e).

[5]    *Id.* The current version of § 152 was enacted in 1984 and amended in 2004 and 2005. Gulf Opportunity Zone Act of 2005, Pub. L. No. 109-135, § 404(a), 119 Stat. 2577, 2633-34 (codified as amended at 26 U.S.C. § 152(e)); Working Families Tax Relief Act of 2004, Pub. L. No. 108-311, § 201, 118 Stat. 1166, 1172-73; Tax Reform Act of 1984, Pub. L. No. 98-369, § 423, 98 Stat. 494, 799-800. Before the current version took effect on January 1, 1985, the tax code allowed state courts to allocate a dependent exemption through a divorce decree; the 1984 revision removed this discretion and instead provided the exemption to the custodial parent unless the custodial parent signed a waiver. *See Monterey Cnty. v. Cornejo,* 812 P.2d 586, 588-89 (Cal. 1991); *Cross v. Cross*, 363 S.E.2d 449, 458 (W. Va. 1987). The short-lived 2004 amendment again allowed state courts to effectuate a dependent exemption allocation in a divorce decree. *See* Working Families Tax Relief Act of 2004 § 201. But the 2005 amendment again eliminated state courts' authority to use divorce decrees to effectuate the exemption allocation, requiring the use of a waiver form instead. *See* Gulf Opportunity Zone Act of 2005 § 404(a).

Although both parties discuss *Ginn-Williams v. Williams*, that case involved the 2004 version of § 152(e) and is inapplicable to the present legal question. *See* 143 P.3d 949, 955 n.11 (Alaska 2006).

signing a written declaration, which then must be attached to the non-custodial parent's tax return for the non-custodial parent to receive the exemption.[6]  Federal regulations require that the custodial parent waiving the exemption complete IRS Form 8332 (or a similar declaration), declaring that the custodial parent will not claim the exemption and naming the non-custodial parent to whom the exemption is released.[7]  The IRS will not provide the exemption to a non-custodial parent unless Form 8332 is submitted or one of the narrow exceptions, not relevant here, is met.[8]

> **B.**   **Form 8332 And The Associated Code And Regulations Do Not Explicitly Bar Court-Ordered Signatures On Form 8332.**

Dodge argues that Form 8332's language creates a requirement that the custodial parent's signature on that form be made voluntarily.  Form 8332 requires the custodial parent to "agree not to claim an exemption" and provides the option of revoking the waiver.  But nothing in the text of Form 8332, the tax code, or the federal regulations explicitly requires that a signature be purely voluntary.  The United States Tax Court has held to the contrary.  In *George v. Commissioner*, a Virginia trial court had ordered a custodial parent to sign Form 8332.[9]  The parent signed the form and did not receive the exemption, but then argued that the IRS should disregard the waiver because "the threat of judicial contempt if she did not comply and sign" constituted

---

[6]   26 U.S.C. § 152(e)(2).

[7]   Treas. Reg. § 1.152-4(e) (2014).

[8]   *See* Treas. Reg. § 1.152-4(a), (b)(3)(ii).

[9]   139 T.C. 508, 511 (2012).

"duress."[10] The tax court rejected that argument, concluding that a state court order to sign Form 8332 did not constitute duress and therefore the parent's form was valid.[11]

Although the IRS has not issued an opinion resolving this question, an example in the IRS regulations directly supports the conclusion that federal law permits court-ordered signatures on Form 8332. The example states:

> W and X are the divorced parents of Child. In 2009, Child resides solely with W. The divorce decree requires X to pay child support to W and requires W to execute a Form 8332 releasing W's right to claim Child as a dependent. W fails to sign a Form 8332 for 2009, and X attaches an unsigned Form 8332 to X's return for 2009.[12]

The example shows that the divorce decree, coupled with submission of an *unsigned* Form 8332, is insufficient to allocate the right to claim the dependent exemption.[13] But the example clarifies that if W had signed Form 8332 pursuant to the divorce decree, the waiver would be valid and X would be entitled to the exemption.[14] The validity of a court-ordered signature is further supported by *Sanchez v. Commissioner*, where the United States Tax Court addressed the situation suggested in the regulation example and stated: "If [a] former spouse refused to sign and provide the required Form 8332 in time for [petitioner] to file his 2006 federal income tax return, petitioner's recourse was to the

---

[10]     *Id.* at 515.

[11]     *Id.*

[12]     Treas. Reg. § 1.152-4(g) Example 18.

[13]     *Id.*

[14]     *Id.*

state courts to have them enforce the Texas state court order."[15]  The court's express contemplation of a court-ordered signature on Form 8332 indicates that nothing in the associated code or regulations renders such a signature invalid.

### C.    The Majority Rule Allows Trial Courts To Order A Party To Sign Form 8332.

Although Dodge is correct that some states hold otherwise,[16] the majority rule is to allow trial courts to order custodial parents to sign Form 8332.[17]  The California Supreme Court case *Monterey County v. Cornejo* provides a straightforward and compelling rationale for the majority rule.[18]

---

[15]    T.C. Summ. Op. 2009-167, at *2 n.2 (Nov. 12, 2009).

[16]    *See Blanchard v. Blanchard*, 401 S.E.2d 714, 715-17 (Ga. 1991); *Brandriet v. Larsen*, 442 N.W.2d 455, 457-60 (S.D. 1989).

[17]    *Monterey Cnty. v. Cornejo*, 812 P.2d 586, 589 (Cal. 1991) (collecting cases and stating, "Since the amendment to section 152(e), the vast majority of jurisdictions considering the issue have concluded that state courts retain jurisdiction to allocate dependency exemptions to noncustodial parents."); *Harris v. Harris*, 760 So. 2d 152, 153 (Fla. Dist. App. 2000) ("The majority view nationwide now holds that the Tax Reform Act does not prohibit state courts from ordering the custodial parent to execute [Form 8332]."); *see, e.g.*, *Fleck v. Fleck*, 427 N.W.2d 355, 359 (N.D. 1988) ("[W]e believe the trial court has authority to order the custodial parent to execute consent forms assigning the income tax dependency exemption to the non-custodial parent . . . ."); *Cross v. Cross*, 363 S.E.2d 449, 458 (W. Va. 1987) ("Indeed, under the new IRC § 152(e) a state court does not have the power to allocate the exemption simply by court order alone (as it could have done before the 1984 Amendment), but it does have the equitable power to require the custodial parent to sign the waiver.").

[18]    812 P.2d at 588-92.  The version of § 152(e) applied in that case was identical in all relevant aspects to the current version.  *Compare* 26 U.S.C. § 152(e) (1988), *with* 26 U.S.C. § 152(e) (2012).

In that case a trial court allocated the dependent exemption to the non-custodial parent and noted that the custodial parent would have to sign the waiver.[19] The county (on behalf of the custodial parent) appealed, arguing that the trial court had no authority to allocate the federal tax exemption.[20] But the California Supreme Court concluded that the trial court had authority to allocate the exemption and to order the custodial parent to sign the required waiver form.[21]

The court articulated three reasons for its decision. First, the court determined that nothing in the plain language of the tax code or federal regulations prohibited state courts from ordering a custodial parent to sign the waiver, so the equitable power of state courts to order the waiver would not interfere with any congressional purpose in providing the waiver.[22] The court explained that the legislative history of the 1984 amendments demonstrated that the new § 152(e) was enacted to " 'enhance the administrative convenience of the IRS,' " and state courts therefore retained their traditional power of allocating the exemption.[23]

---

[19]     *Monterey Cnty.*, 812 P.2d at 588, 592 n.7.

[20]     *Id.* at 588.

[21]     *Id.* at 592; *see also id.* at 590 ("[S]tate trial courts retain the authority to allocate the dependency exemption by ordering the custodial parent to execute the necessary waiver."). The court remanded for "the trial court to make clear that [the custodial parent] is to execute the requisite declaration in consideration of the increased child support she will be receiving." *Id.* at 592.

[22]     *Id.* at 590 (" 'The new statute is entirely silent concerning whether a domestic court can *require* a custodial parent to execute a waiver . . . .' " (emphasis in original) (quoting *Cross*, 363 S.E.2d at 457)).

[23]     *Id.* at 589-90 (quoting *Motes v. Motes*, 786 P.2d 232, 237 (Utah App. 1989)); *see also Fullmer v. Fullmer*, 761 P.2d 942, 950 (Utah App. 1988) ("The purpose
(continued...)

Second, the court observed that trial courts have the equitable power to adjust awards of child support and alimony in the same amount as the non-custodial parent would receive through the exemption.[24] Thus, the practical effects of ordering the custodial parent to sign the waiver or adjusting the non-custodial parent's child support are economically equivalent.[25] The court concluded there is no real justification for " 'forc[ing] state courts to achieve financial parity [in a divorce] indirectly, by downwardly adjusting otherwise appropriate alimony and child support, rather than achieving parity directly, by sensibly allocating the exemptions.' "[26]

Third, the court acknowledged the possible economic benefits to the family as a whole if a trial court may award the exemption to the non-custodial parent: "[T]he effect of awarding the exemption to the noncustodial parent [in a higher income tax bracket than the custodial parent] is to increase the after-tax spendable income of the

---

[23]    (...continued)
of the 1984 amendments was both to remove the Internal Revenue Service from time consuming factual disputes over which parent met the threshold support requirements, and to add certainty to the process . . . ."); H.R. Rep. No. 98-432, at 1498-99 (1984), *reprinted in* 1984 U.S.C.C.A.N. 697, 1140 ("The present rules governing the allocations of the dependency exemption are often subjective and present difficult problems of proof and substantiation. The Internal Revenue Service becomes involved in many disputes between parents who both claim the dependency exemption based on providing support over the applicable thresholds. The cost to the parties and the Government to resolve these disputes is relatively high and the Government generally has little tax revenue at stake in the outcome. The committee wishes to provide more certainty by allowing the custodial spouse the exemption unless that spouse waives his or her right to claim the exemption. Thus, dependency disputes between parents will be resolved without the involvement of the Internal Revenue Service.").

[24]    *Monterey Cnty.*, 812 P.2d at 591.

[25]    *Id.*

[26]    *Id.* (quoting *Motes*, 786 P.2d at 239).

family as a whole, which may then be channeled into child support or other payments."[27] Denying state courts the authority to allocate the exemption " 'would only maximize the federal taxes to be paid to the detriment of the parents and the children.' "[28]

The court concluded that California trial courts retained "their traditional equitable power to allocate the dependency exemption to the noncustodial parent by ordering the custodial parent to execute a declaration waiving the exemption."[29]

### D. The Superior Court Can Order A Signature On Form 8332.

We conclude as a matter of law that a superior court has the authority to order a custodial parent to sign Form 8332 and give the dependent exemption to the non-custodial parent. Nothing in Form 8332 or the associated tax code and federal regulations specifically prohibits state courts from ordering the custodial parent to sign Form 8332, and the majority approach exemplified by *Monterey County* presents the better legal analysis and policy rationale. We adopt the majority rule and hold that the superior court acted within its authority when it ordered Dodge to sign Form 8332 and allocated the dependent exemption to Sturdevant.

## V. CONCLUSION

We AFFIRM the superior court's order.

---

[27] *Id.* at 592.

[28] *Id.* (quoting *Nichols v. Tedder*, 547 So. 2d 766, 774 (Miss. 1989)).

[29] *Id.*