# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0050, In the Matter of Edwin Potter and Melissa Turcotte, the court on November 14, 2016, issued the following order:**

Having considered the briefs, memorandum of law, and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The respondent, Melissa Turcotte (mother), appeals an order of the Circuit Court (Introcaso, J.) on her motion to modify the parenting plan for her older child with the petitioner, Edwin Potter (father), and the father's petition to establish a parenting plan for the parties' younger child. On appeal, the mother contends that the trial court erred by: (1) applying the standard for modifying a parenting plan, see RSA 461-A:11 (Supp. 2015), to the establishment of an initial parenting plan for the younger child, see RSA 461-A:6 (Supp. 2015); (2) incorrectly determining the younger child's best interests; (3) denying her motion to modify the older child's existing parenting plan; and (4) ordering the father to claim the parties' older child as a dependent for federal income tax purposes. We affirm in part, vacate in part, and remand.

The relevant facts follow. The parties are the unmarried parents of two children. Their older child, born in 2011, was the subject of a 2013 parenting plan that awarded the parties "equal or approximately equal periods of residential responsibility" and joint decision-making responsibility for the child. Their younger child was born in 2014, after the effective date of the prior parenting plan. In 2015, the mother moved to modify the existing parenting plan for the older child, and the father petitioned to establish an initial parenting plan for the younger child. The mother sought primary residential responsibility and sole decision-making responsibility for both children.

Thereafter, the mother's motion to modify the older child's existing parenting plan and the father's petition to establish a new parenting plan for the younger child were consolidated, and the parties agreed that the parenting plan that would result from the trial court's decision "would cover both children."

Following a hearing on offers of proof, the trial court denied the mother's motion to modify the existing parenting plan for the older child because it could not find, by clear and convincing evidence, that the father's unsupervised parenting time with the child was detrimental to the child's physical, mental, or emotional health, such that the child's "past routine of spending considerable time with [the] father should . . . be disrupted." See RSA 461-A:11, I(c). The

court also determined that it was in the younger child's best interests to adopt a parenting plan that awarded the parents approximately equal residential responsibility and joint decision-making, "given the parties['] past arrangement for [the younger child's] care, nurturing and support prior to the initiation of the instant litigation." The court found that the father had "significant experience" with both children and had "likely developed a significant bond with them." The court found that there was "no reasonable justification" to limit the father's parenting time to supervised visitation one day per week, as the mother had proposed.

Based upon the ordered parenting schedule, which awarded the mother four nights with the children and the father three nights with the children, and because of the parties' relative earnings, the court "issued a 'zero support' order" for the children. As part of its parenting plan decree, the court ordered the mother to claim the parties' younger child, and the father to claim the parties' older child, as a dependent for all income tax purposes. The mother unsuccessfully moved for reconsideration, and this appeal followed.

The trial court has wide discretion in matters involving parental rights and responsibilities. See In the Matter of Miller & Todd, 161 N.H. 630, 640 (2011). Our review is limited to determining whether it clearly appears that the trial court engaged in an unsustainable exercise of discretion. Id. (addressing creation of parenting plan pursuant to RSA 461-A:6); see In the Matter of Muchmore & Jaycox, 159 N.H. 470, 472 (2009) (addressing modification of parenting plan pursuant to RSA 461-A:11). This means that we review only whether the record establishes an objective basis sufficient to sustain the trial court's discretionary judgment, and that we will not disturb its determination if it could reasonably be made. Miller, 161 N.H. at 640.

I

We first address whether the trial court erred in establishing the younger child's parenting plan. In determining parental rights and responsibilities, the trial court is guided by the best interests of the child. See id. RSA 461-A:6, I, codifies factors that the trial court must consider when determining the child's best interests and allows the court to consider any other factor it deems relevant.

The mother first argues that the trial court applied the incorrect standard for establishing an initial parenting plan for the parties' younger child. The mother contends that instead of applying the "best interests" standard under RSA 461-A:6, the trial court applied the standard for modifying an existing parenting plan set forth in RSA 461-A:11, I(c). Under RSA 461-A:11, I(c), the trial court may modify an existing parenting plan if it finds "by clear and convincing evidence that the child's present environment is detrimental to the child's physical, mental, or emotional health." The mother

asserts that instead of examining the enumerated "best interests" factors in RSA 461-A:6, I, the court applied the "associated heightened burden of proof" required by RSA 461-A:11, I(c).

The interpretation of a court order is a question of law, which we review de novo. In the Matter of Sheys & Blackburn, 168 N.H. 35, 39 (2015). Based upon our review of the trial court's narrative order, we conclude that the court properly examined the enumerated "best interests" factors set forth in RSA 461-A:6, I, when establishing the initial parenting plan for the parties' younger child.

In the beginning of its narrative order, the trial court made clear that the modification of the older child's existing parenting plan is governed by RSA 461-A:11, and that the establishment of an initial parenting plan for the younger child is governed by RSA 461-A:6. In the body of the order, the trial court then applied the standard under RSA 461-A:11 when it denied the mother's motion to modify the older child's existing parenting plan and applied the standard under RSA 461-A:6 when adopting an initial parenting plan for the younger child. In assessing the younger child's "best interests," the trial court specifically examined the relevant enumerated statutory factors. For instance, the trial court found that since the younger child was born, the father cared for him and for the older child "on a regular basis." See RSA 461-A:6, I(a), (c), (f), (g). The trial court also found that the father had "significant experience" with both children and had "likely developed a significant bond with them." See RSA 461-A:6, I(a), (c). Additionally, the court found that the mother "routinely allowed both [children] to be cared for by [the father] whenever the parties were living together." See RSA 461-A:6, I (e), (f), (g). The court also examined, at length, the incidents that the mother argued made it unsafe for the children to be in the father's continued care. See RSA 461-A:6, I(b), (j), (k).

Further, the trial court found that both parties "currently reside with their own parents, and given their current work responsibilities, it is likely both will need the continued involvement of their parents for the care of [the children]." See RSA 461-A:6, I(b), (h). Given that situation, the trial court found that the parenting plan it adopted is in the younger child's best interests because "it will maximize the time [the child is] able to spend with [the] parents, rather than [the] grandparents or other caretakers." See RSA 461-A:6, I(b), (h). The court found that the parenting plan is also in the younger child's best interests "given the parties['] past arrangement for his care, nurturing and support prior to the initiation of the instant litigation." Thus, contrary to the mother's assertions, the trial court's order demonstrates that the court considered, and applied, the relevant "best interests" factors enumerated in RSA 461-A:6, I.

The mother next argues that, had the trial court considered the statutory factors when determining the younger child's best interests, it would have reached a different result.  In effect, the mother contends that the trial court improperly weighed the statutory factors, which, if properly weighed, would have resulted in her being granted primary residential responsibility and sole decision-making authority for the parties' younger child.  However, it was for the trial court to weigh the "best interests" factors in the first instance.  See In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011).  Our role on appeal is not to re-weigh the evidence, but rather to decide whether the trial court's determination "could reasonably have been made."  Id.  Here, we conclude that the trial court reasonably determined that the parenting plan is in the younger child's best interests.

II

We next address whether the trial court erred in denying the mother's motion to modify the older child's existing parenting plan.  RSA 461-A:11 allows a trial court to modify an existing parenting plan schedule only if it finds a predicate circumstance specified in RSA 461-A:11, I.  See RSA 461-A:11, II; see also Muchmore, 159 N.H. at 473.  One such circumstance is "[i]f the court finds by clear and convincing evidence that the child's present environment is detrimental to the child's physical, mental, or emotional health, and the advantage to the child of modifying the order outweighs the harm likely to be caused by a change in environment."  RSA 461-A:11, I(c).  If the trial court finds a predicate circumstance, it may then modify the existing parenting plan, and, in so doing, must consider "only the best interests of the child as provided under RSA 461-A:6 and the safety of the parties."  Muchmore, 159 N.H. at 473 (quotation omitted).

In this case, the trial court specifically stated that it did "not find, by clear and convincing evidence, that [the father's] unsupervised parenting time . . . is detrimental to" the child's "physical, mental, or emotional health, such that the [child's] past routine of spending considerable time with [the] father should . . . be disrupted."  The mother argues that this trial court finding "had no objective basis in the record" because, when the record is properly viewed, it "contains clear and convincing evidence, primarily related to [the father's] drug use, that the environment created by [him] is detrimental to [the older child's] physical, mental, or emotional health."  (Quotation omitted.)  We disagree that the record fails to establish an objective basis sufficient to sustain the trial court's discretionary ruling.  To the extent that the mother asks this court, in effect, to re-weigh the evidence, doing so is not our role on appeal.  See Kurowski, 161 N.H. at 585.

The mother also argues that the trial court denied her "reasonable requests . . . that both parties take drug tests . . . and that [the father] not be granted parenting time if he failed the test."  However, she does not cite, nor

4

are we aware of, any authority requiring the trial court to grant such a request. Instead, the trial court found that the evidence did not warrant disrupting the child's "past routine of spending considerable time with [the] father." Accordingly, we cannot conclude, as a matter of law, that the trial court unsustainably exercised its discretion by denying the mother's motion to modify the older child's existing parenting plan.  See Muchmore, 159 N.H. at 472.

III

Finally, we consider the trial court's decision to order the father to claim the parties' older child as a dependent for federal income tax purposes.  The mother argues that, under federal law, because the child resides with her for more nights each week than he resides with the father, the father cannot claim the child as a dependent for federal income tax purposes unless she signs a written declaration agreeing not to claim the child as a dependent on her own federal income tax return.  See 26 U.S.C. § 152(e)(2) (2012).  However, the trial court made no findings of fact or rulings of law regarding which parent was entitled to claim the child as a dependent under federal law, and we are unable to make such findings and rulings in the first instance on this record.  Nor did the trial court order the mother to sign the written declaration she argues was required, and the mother has not challenged the trial court's authority to do so.  See Dodge v. Sturdevant, 335 P.3d 510, 512 nn. 16-17 (Alaska 2014) (citing cases and describing the majority and minority rules regarding whether a state trial court has the authority to require the custodial parent to execute the required declaration).  Under these circumstances, we vacate the portion of the trial court's order in which it required the father to claim the older child as a dependent for federal income tax purposes and remand for further proceedings consistent with this order.

Affirmed in part; vacated in part; and remanded.

DALIANIS, C.J., and HICKS, CONBOY, and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**